83  632
a187s452

### John King v. Bridget Mitchell, Executrix, etc.

1. PRACTICE—*Where the Writ of Coram Nobis Lay at Common Law.*— By section 66 of the Practice Act the writ of error *coram nobis* is abolished, and it is provided that errors of fact, which by the common law could have been corrected by said writ, may be corrected by the court in

King v. Mitchell.

which the error was committed, on motion in writing made at any time within five years after final judgment.

2. SAME—*Decisions on Motions in the Nature of Writs of Error Coram Nobis.*—A decision on a motion in the nature of a writ of error *coram nobis* is a decision in the cause within the meaning of section 59 of chapter 110, entitled Practice.

3. SAME—*Exceptions on Motions in the Nature of Writs of Error coram nobis.*—Exceptions to the ruling of the court on a motion in the nature of a writ of error *coram nobis*, made at any time within five years after the rendition of final judgment, may be preserved by bill of exceptions.

4. SAME—*Plea in Abatement, When Unnecessary.*—A summons issued after the death of a person named in it as plaintiff is void and so are all proceedings thereunder. A plea in abatement is unnecessary.

5. ABATEMENT—*Death of the Plaintiff.*—At common law an action abated on the death of the plaintiff.

6. PARTIES—*Death of a Sole Plaintiff.*—The death of a sole plaintiff suspends all further proceedings in an action until there is a revival by the personal representative of the deceased.

7. SAME—*Writs Issued in the Name of a Deceased Plaintiff.*—A summons issued in the name of a deceased plaintiff is void; the service of such a writ upon the defendant is of no legal effect and the court is without jurisdiction.

8. JUDGMENTS—*For or Against Deceased Persons.*—Judgments for or against deceased persons are not generally regarded as void on that account, and while the court ought to cease to exercise its jurisdiction over a party when he dies. its failure to do so is an error to be corrected on appeal, if the fact of the death appears upon the record, or by writ of error *coram nobis*, if the fact must be shown *aliunde*.

Assumpsit.—Common Counts. Trial in the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Finding and judgment for plaintiff; error by defendant. Heard in this court at the March term, 1899. Reversed and remanded with directions. Opinion filed July 20, 1899.

**Statement by the Court.**—February 24, 1896, John Mitchell commenced an action of assumpsit against John King, the plaintiff in error. The summons issued at that date was returned April 14, 1896, indorsed by the sheriff, "Received too late for service." Other summonses were issued April 14, May 21 and September 28, 1896, none of which was served.

August 5, 1898, a summons was issued returnable to the September term, 1898, of the court, which was personally served on plaintiff in error August 14, 1898.

The declaration, consisting of a special count and the common counts, was filed March 26, 1896. Plaintiff in error did not appear or plead to the declaration. October 8, 1898, that being the sixth day of the term, Bridget Mitchell, plaintiff in error and executrix of the will of John Mitchell, deceased, appeared and suggested the death of John Mitchell, whereupon an order was entered that the cause proceed in the name of Bridget Mitchell as plaintiff, finding that due personal service of summons had been had on plaintiff in error, defaulting him for non-appearance, referring cause to court to assess damages, assessment of damages at the sum of $8,000, and judgment for that amount.

November 21, 1898, that being a day of the November term of the court, John King entered an appearance expressed to be specially and solely for the purpose of moving to vacate the judgment, and moved to vacate and set aside the judgment.

In support of his motion, King filed and read certain affidavits, and defendant filed and read counter affidavits. December 19, 1898, to which day the hearing of the motion had been continued, the court overruled the motion. To reverse the order overruling the motion this writ of error was sued out.

HALEY & O'DONNELL, attorneys for plaintiff in error; OTIS & GRAVES, of counsel.

All errors of fact committed by a court of record in Illinois, which, by common law, could have been corrected by the writ of error *coram nobis*, may be corrected by motion in the court where the error was committed, at any time within five years after the rendition of final judgment. Sec 67, Chap. 110, R. S.; Beaubien v. Hamilton, 3 Scam. 213; Peak v. Shasted, 21 Ill. 137; Hall v. Davis, 44 Ill. 494; Mains v. Cosner, 67 Ill. 536; Claflin v. Dunne, 129 Ill. 241.

Where there is but one plaintiff in an action at law, and he dies before judgment, the suit does not abate, but the person to whom the cause of action survives, may, upon

King v. Mitchell.

suggesting the death, be substituted as plaintiff and prosecute the same as in other cases.    Sec. 10, Chap. 1, R. S.

Upon the death of a sole plaintiff, all proceedings are suspended, and, while the suit does not abate, no action can be taken except to suggest the death and obtain an order substituting the legal representative.    Riley v. Hart, 130 N. Y. 625; Green v. McMurty, 20 Kas. 190; Jarvis v. Felch, 14 Abb. Pr. 48; Hurst v. Fisher, 1 Watts & S. (Pa.) 438; Case v. Ribelin, 1 J. J. Marsh. (Ky.) 29; Day v. Hamburg, 1 Brown (Pa.), 75; Reed v. Butler, 11 Abb. Pr. (N. Y.) 128.

Entering orders in a case while a party thereto is dead and before substitution of his legal representative is an error of fact and can only be corrected in the court where the error was committed.    2 Tidd's Pr., 1136, 1167; L. A. of A. v. Fassett, 102 Ill. 315; Claflin v. Dunne, 129 Ill. 241.

There is a material difference between the death of a party before and after verdict.    Green v. Watkins, 6 Wheat. 261; Martin's Adm'r v. B. & O. R. R., 151 U. S. 673; Bunker v. Green, 48 Ill. 243.

Error of fact is not the error of the judge, and reversing it is not reversing his own judgment.    2 Tidd's Pr., 1136; Day v. Hamburgh, 1 Brown (Pa.), 75.

Raising the fact of death, minority, coverture, or slavery upon the record is not contradicting the record.    Mains v. Cosner, 67 Ill. 536; Peak v. Shasted, 21 Ill. 137; Ex parte Toney, (a slave,) 11 Mo. 662; Case v. Ribelin, 1 J. J. Marsh. (Ky.) 29.

The writ of error at common law corrected errors of fact arising from minority, death or coverture of a party to a judgment.    2 Tidd's Pr., 1167.

Scanlan & Masters, attorneys for defendant in error, contended that a mere motion to vacate a judgment at a term subsequent to the judgment term can not be disguised as a motion in the nature of a writ of error *coram nobis*. McKindley v. Buck, 43 Ill. 488; Fix v. Quinn, 75 Ill. 232; Coursen v. Hixon, 78 Ill. 341.

In the nature of things a deceased defendant can not plead in abatement, or otherwise interpose the fact of his own death. But it is the duty, under the law, of a live defendant to plead in abatement the death of the plaintiff. L. A. of A. v. Fassett, 102 Ill. 315; Camden v. Robertson, 2 Scam. 507.

The error in the summons, if any, was cured by the Statute of Amendments and Jeofails. Hurd's Statutes, Chapter 7, Section 6, Divisions 1, 10, 14.

. The rule in this State is that a defendant must plead in abatement the death of the plaintiff. Camden v. Robertson, 2 Scam. 507; Mills v. Bland's Ex'rs, 76 Ill. 381; Chicago & Pac. Ry. Co. v. Munger, 78 Ill. 300; Chitty's Pl., Vol. 1, 448.

It was the duty of the plaintiff in error to have raised the question of the disability of the plaintiff to sue *in limine*. Ency. of Pl. & Pr., Vol. 12, 191.

A judgment in favor of a dead man or against a dead man, is not void but voidable. Freeman on Judgments, Sec. 153; Claflin v. Dunne, 129 Ill. 245; McMillan v. Hickman, 35 W. Va. 705; Powell v. Washington, 15 Ala. 803; Danforth v. Danforth, 111 Ill. 236.

After the term has passed in which a judgment is rendered, the court no longer has jurisdiction over the record. The case is off the docket, and the parties are out of court. Cook v. Wood et al., 24 Ill. 295; Oetgen v. Ross, 36 Id. 335; Cox v. Brackett, 41 Ill. 222; Scales v. Labar, 51 Ill. 232; Walker v. Oliver, 63 Ill. 199; Fix v. Quinn, 75 Ill. 232; Coates v. Cunningham, 100 Ill. 463; Gage v. Chicago, 141 Ill. 642; Kelly v. Chicago, 148 Ill. 90; In re Burdic, 162 Ill. 53, 54.

If the motion below had been made in term time, the defendant must have shown that he used diligence to interpose his defense in apt time. Union Co. v. Woodley, 75 Ill. 435; Mendell v. Kimball, 85 Ill. 583; Treutler v. Hallighan, 86 Ill. 39; Andrews v. Campbell, 94 Ill. 577; Walsh v. Walsh, 114 Ill. 24; Schultz v. Meiselbar, 144 Ill. 26.

The writ of error *corum nobis*, and the motion substi-

tuted therefor, under section 67 of the practice act, does not lie when the party complaining, knew of the fact complained of, and could have taken advantage of the alleged error on the trial. Ency. of Pl. & Pr., Vol. 5, 29; Marble v. Van Horn, 53 Mo. App. 361; Jackson v. Milsom, 6 Lea (Tenn.), 515.

A plea to the disability of the plaintiff shows that he is incapable of commencing or continuing his suit, by denying his existence, or that he at the time of the commencement of the suit was a fictitious person, or was dead. Chitty's Pl., Vol. 1, 448; Camden v. Robertson, 2 Scam. 507; Stoetzell v. Fullerton, 44 Ill. 108; Mills v. Bland, etc., 76 Ill. 381; L. A. of A. v. Fassett, 102 Ill. 315, 317, 328; Danforth v. Danforth, 111 Ill. 236; Claflin v. Dunne, 129 Ill. 241; Baragwanath v. Wilson, 4 Ill. App. 80; 1 Archbold's Civil Pr., 304; Bacon's Abridgment, Abatement, F.

The facts showing a want of capacity to sue on the part of the plaintiff should be set up by a plea in abatement. If not so taken it is deemed waived. Pierrepont v. Lovelass, 4 Hun (N. Y.), 681; Jenneson v. Kennedy, 26 N. Y. St. 496; Palmer v. Davis, 28 N. Y. 242; Perkins v. Stimmel, 114 N. Y. 359; Society, etc., v. Pawlet, 4 Pet. (U. S.) 480; Geraty v. Druiding, 44 Ill. App. 440.

After the term has passed when a judgment is rendered the verity of the judgment can not be attacked, and especially not by affidavits. Humphreyville v. Culver, 73 Ill. 485; Goucher v. Patterson, 94 Ill. 525.

The presumption is in favor of the jurisdictional finding, and the same can not be overcome, except where the record affirmatively shows the finding to be not in accordance with the facts. Goodkind v. Bartlett, 153 Ill. 423; Osgood v. Blackmoor, 59 Ill. 261; Barnett v. Wolf, 70 Ill. 76; Miller v. Handy, 40 Ill. 448; Harris v. Lester, 80 Ill. 307; Bannon v. The People, 1 Ill. App. 496.

Mr. Justice Adams delivered the opinion of the court.

Before the cause was called for hearing, appellee's counsel moved the court to strike the bill of exceptions from the

record, and filed an elaborate argument in support of the motion.

Counsel for appellee contend that the sections of the practice act allowing exceptions to the decisions of trial courts do not include exceptions to matters occurring after final judgment and at a term subsequent to the term in which the judgment is rendered. This contention is erroneous. Section 59 of the practice act is as follows:

"If, during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow said exception and sign and seal the same, and the said exception shall thereupon become a part of the record of such cause." 3 S. & C. Stat., C. 110, par. 60.

By section 66 of the practice act the writ of error *coram nobis* is abolished, and it is provided that errors of fact, which by the common law could have been corrected by said writ, may be corrected by the court in which the error was committed on motion in writing made at any time within five years after final judgment. Ib., parag. 67. A motion in the cause in the nature of a writ of error *coram nobis* being permissible by section 66, the decision of the court on such motion is a decision in the cause, and is within the meaning of section 59 quoted *supra*.

In Peak v. Shasted, 21 Ill. 137, and Claflin v. Dunne, 129 Ill. 241, the appeals were from orders overruling motions, made after the terms at which the judgments were rendered, to set aside and vacate the judgments, because of errors of fact in the trial courts. In each case the Supreme Court reversed the order of the trial court overruling the motion to vacate. It is obvious that the Supreme Court could not have so acted in the premises in the absence of a bill of exceptions. Other cases might be cited illustrating that exceptions to the ruling of the court on a motion in the nature of a writ of error *coram nobis*, made at any time within five years after the rendition of final judgment, may be preserved by bill of exceptions. In fact, such is the well established practice.

The summons issued August 5, 1898, returnable to the

September term of the court, was the only summons served on plaintiff in error, and it appears from the affidavits and is undisputed, that at that date John Mitchell, named as plaintiff in the writ, was dead and had been dead at least five months, and also that his attorneys, Scanlan and Masters and William A. Bowles, who sued out the writ of summons, knew that Mitchell was dead as early as March 5, 1898, five months before the writ issued.

The question is, whether the issuing the summons August 5, 1898, in which John Mitchell was named as plaintiff, he having departed this life months before that date, and the rendering judgment against him, based on the service of that writ, were errors in fact remediable by writ of error *coram nobis*, at common law. The errors which may be corrected by motion are, in the language of the statute, " All errors in fact committed in the proceedings of any court of record, and which by the common law could have been corrected by said writ." At common law an action abated on the death of the plaintiff. 2 Tidd's Pr., Sec. 932.

Among the causes for which a judgment might be reversed at common law, by writ of error *coram nobis*, Tidd mentions the following: "Where the defendant, being under age, appeared by attorney, or the plaintiff or defendant was a married woman at the time of commencing the suit, or dead before verdict or interlocutory judgment." 2 Tidd's Pr. 1136–1137.

In Hurst v. Fisher, 1 Watts & S. (Penn.) 438, the plaintiff died after appearance of the defendant and before judgment. The court say: " When a judgment in favor of or against a dead man is inadvertently rendered, the party aggrieved may be relieved by writ of error *coram nobis*."

In the present case there was no plaintiff in existence when the writ was sued out, and the original plaintiff's attorneys had no authority to sue out a writ in his name, their authority being revoked by his death. We think there can be no question that the erroneous assumption of the court that John Mitchell was living when the writ was issued and served, was an error in fact which affected the

validity of the proceedings, and which, at common law, would be sufficient to warrant the vacation of the judgment on writ of error *coram nobis.* In view of the language of section 66 of the practice act, this conclusion would seem sufficient to dispose of the case; but as it may be argued that, in view of our statute in regard to abatements, the suit did not abate on John Mitchell's death, and therefore the common law rule does not apply, reference will be made to decisions in other States having statutes similar to ours in relation to abatement.

In Jarvis v. Felch, 14 Abbott's Pr. 46, which was an action on a promissory note, the plaintiff died pending the suit, and the defendant not knowing of that fact, procured an order dismissing the suit. The court held this irregular, and granted a motion to restore the suit, saying:

"By section 121 of the code, it is provided that no action shall abate by the death of a party, but the court, on motion, at any time within one year thereafter, or afterward, on a supplemental petition, may allow the action to be continued by the representative. The death of a sole plaintiff, although it does not, in the language of the code, 'abate' the action, suspends all further proceedings until there is a revival by the personal representative of the deceased; so that no step can be taken in the further prosecution of the action until it has been continued by the order of the court."

We think it clear that section 10 of the statute of this State in relation to abatement, which provides that in case of the death of a sole plaintiff before final judgment, if it survives to the heir, devisee or personal representative, does not contemplate that any step shall be taken in the cause after the death of the plaintiff and before the substitution as plaintiff of the person to whom the action survives. The concluding language of the section is, " But any of such to whom the cause of action may survive may, by suggesting such death upon the record, be substituted as plaintiff, petitioner or complainant, and prosecute the same as in other cases." The plaintiff being dead, we think it clear that there can be no further prosecution of the cause, until after the substitution permitted by the statute, the simple reason

being that until such substitution is made there is no one to prosecute it.

In Reilly v. Hart, 130 N. Y. 625, it appeared that one Coggshall instituted a suit to foreclose a mortgage against Lynch and wife and others.  The defendants other than Lynch and wife were personally served with process, but Lynch and wife being residents of Louisville, an order was made for service on them by publication for six weeks. Publication had been made for four weeks when Coggshall, the plaintiff in the suit, died, and the publication continued after his death for the remaining two weeks.  No other publication was made.  Subsequently, the cause was continued by order of court in the name of the executrix of Coggshall, and the cause proceeded to a final decree foreclosing the mortgage against all defendants.  The court held that the decree did not bind Lynch and wife, for the reason that they were not served, saying :

" It is not seen how the four weeks publication of the summons before the death, and the two weeks following, could be treated as an effectual service upon those non-resident defendants.  During the latter period there was no plaintiff, and in practical effect no action to support any proceedings within that time.  The prior publication of the summons was then an unaccomplished attempt to serve it; and to constitute a service in that manner, it was necessary to publish once in each of six successive weeks in the two designated newspapers.  There was, then, no service of the summons on those defendants while the action in which the order was made had any party plaintiff, and for that reason it was in a suspended condition and could not support any proceeding then taken for any purpose other than to continue it in the name of the successor as such.  Before the death of the original plaintiff the court had acquired no jurisdiction of those defendants.  It could not obtain any during the suspension following his death, and consequently it had no jurisdiction of them at the time the executrix became plaintiff; and it does not appear that their persons were thereafter in any manner brought in that relation to the court."

In the last case the court also held that " the effect of

the death of the plaintiff was to produce a suspension of
further proceedings until his successor was placed in that
relation to the action."

In Green, Adm'r, v. McMurtry, 20 Kan. 189, one Jones
commenced an action against McMurtry, and after a sum-
mons and writ of attachment had issued in the suit, but
before either of them was served, Jones, the plaintiff, died.
The court say :

"We suppose there can be no doubt as to the invalidity
of the service of said writs after Jones' death. There
must always be two parties to a lawsuit, a plaintiff and a
defendant. No action can exist without such parties. A
plaintiff voluntarily makes himself such by commencing
the action. A defendant, unless he voluntarily appears,
can be made a party only by the service of a summons on
him, and until the service of the summons no action exists.
The service is a jurisdictional matter. But suppose, before
any defendant is created, the plaintiff dies; then can a
defendant be created with no plaintiff in existence? Can
there be a defendant in an action without a plaintiff? Such
a thing would seem to be absurd. When the plaintiff in a
contemplated action dies, the power to make a defendant in
that action dies with him. And any attempt to make a
defendant in that action, in *that plaintiff's action*, is futile
and ridiculous."

Counsel for defendant in error cite authorities in support
of the proposition that plaintiff in error, to avail of the
fact that Mitchell was dead, should have pleaded the death
in abatement. We do not regard these authorities in point.
The question here is whether appellee could avail of the
error of fact of the court, in assuming that Mitchell was
alive when the writ was issued and served, by motion in
the nature of a writ of error *coram nobis*, and we have no
doubt on that question. Had the presiding judge known
what the attorneys for defendant in error knew, that Mit-
chell was dead when the writ issued, the judgment in
question would not have been rendered.

In Stoetzell v. Fullerton, 44 Ill. 108, a case cited by
counsel for defendant in error, it was objected that in a
cause in which Reed and Church, plaintiffs, recovered a

judgment against Fullerton, that Church died pending the suit, and the court said :

" The error, if it be one, was an error of fact, which could only be corrected by a writ of error *coram nobis.*"

In Claflin v. Dunne, 129 Ill. 241, the court quotes with approval the following from Freeman on Judgments :

" Judgments *for* or against deceased persons are not generally regarded as void on that account, and while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal, if the fact of the death appears upon the record, or by writ of error *coram nobis,* if the fact must be shown *aliunde.*"

Counsel, in urging that plaintiff in error should have pleaded Mitchell's death in abatement, omit to consider that there was no valid service of process on him, and therefore he was not before the court, or bound to plead at all. The writ issued August 5, 1898, was void, the service of that writ on plaintiff in error of no legal effect, and the court was without jurisdiction, either by service or appearance, to render judgment against him. The motion to strike the bill of exceptions from the record is overruled, and the order overruling the motion of plaintiff in error to vacate the judgment rendered October 8, 1898, in favor of defendant in error and against plaintiff in error, is reversed, and the cause is remanded with directions to vacate and set aside said judgment.

Reversed and remanded with directions.