## MATEJ PISA

*v.*

## ANTON REZEK *et al.*

*Opinion filed December 16, 1903.*

1. PRACTICE—*error of law cannot be corrected on motion at subsequent term.* An alleged error of law cannot be examined, reviewed or corrected on a motion entered after the term at which such alleged error occurred and final judgment was entered.

2. SAME—*when motion to vacate order is properly denied.* A motion made at a subsequent term to vacate an order dismissing an appeal is properly denied, where the ground of the motion is an alleged error of the court in construing or applying its rules of practice.

*Pisa* v. *Rezek,* 108 Ill. App. 198, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

JONES & LUSK, for appellant.

KRAUS, ALSCHULER & HOLDEN, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

From an order entered in the probate court of Cook county disallowing the claim of the appellant in the sum of $1700, filed against the administrator of the estate of Marie Rezek, the appellant perfected an appeal to the circuit court of Cook county by filing an appeal bond in the said probate court. The appeal bond and the transcript were filed in the circuit court on the 16th day of December, 1901. On the third day of April, 1902, certain of the heirs of the said deceased were permitted to become parties defendant and they entered their appearance. On the 19th day of April, 1902, being the last day of the March term, 1902, of said court, an order was entered dismissing the appeal and adjudging that the costs should be paid by the appellant claimant. On the 7th

day of June, 1902, being one of the days of the subsequent May term of the said court, the appellant entered a motion to set aside and vacate the order dismissing the appeal and adjudging that the appellant pay the costs, but the court overruled the motion. The appellant perfected an appeal to the Appellate Court for the First District, and the judgment being affirmed, has prosecuted this his further appeal to this court.

The circuit court correctly refused to grant the motion, entered at its May term, to vacate the order and judgment of dismissal which had been entered at its March term. That motion was not filed at the March term of the court at which the judgment of dismissal was entered, but at one of the days of the second subsequent term of the court. Defects or imperfections in matters of form in the record, pleadings, process, entries, returns or other proceedings may be rectified, on motion, at a subsequent term. But an alleged error at law cannot be examined, revised or corrected by the court on a mere motion entered after the close of the term at which the alleged erroneous action was taken and final judgment entered. (*Tosetti Brewing Co.* v. *Koehler*, 200 Ill. 369.) The motion substituted by the statute for the writ of error *coram nobis* may be invoked to enable the court to correct an error of fact that came within the scope of the writ as it existed at the common law,—as, that the judgment was entered against a deceased person, an infant without a guardian, a *feme covert*, a person insane at time of trial, or that a valid defense existed in fact, but which, without negligence of defendant, was not made, either through duress, fraud or excusable mistake, without negligence on the part of the party who by the motion complained of the action of the court. (5 Ency. of Pl. & Pr. p. 27.) The motion herein entered by the appellant did not seek to bring to the attention of the court any error of fact which was within the scope of a writ of error *coram nobis* at the common law. The motion disclosed no ground of

complaint, but it appeared from affidavits filed in support thereof that the vacation of the order of dismissal was asked upon the ground that under the proper construction of the rules of practice in said circuit court the appellant was entitled to one day's notice, in writing, that the motion of the appellees that the appeal from the probate court be dismissed would be taken up and considered, and that such notice in writing had not been given.   The court had jurisdiction of the parties and of the subject matter and proceeded to final judgment, and the judgment entered in the cause could not be opened and reviewed at a subsequent term to correct an alleged error in the construction or application of the rules adopted by the court to regulate the practice in the court.   It is only the correction of matters of form, clerical errors or matters quite of course that may be had on mere motion, after the close of the term.   *Tosetti Brewing Co.* v. *Koehler, supra,* and cases there cited.

The judgment must be and is affirmed.

*Judgment affirmed.*