JOHN DOMITSKI

*v.*

THE AMERICAN LINSEED COMPANY.

*Opinion filed April 17, 1906.*

1. PRACTICE—*motion to set aside judgment for error of fact begins new suit.* A motion, under section 66 of the Practice act, to set aside a judgment, entered at a previous term, for errors of fact is the commencement of a new suit, and if the opposite party desires to preserve for review the question whether the motion discloses any errors of fact he should save the question in some appropriate way recognized by law.

2. SAME—*erroneous decision on motion to vacate judgment for errors of fact does not oust jurisdiction.* Under section 66 of the Practice act the trial court, in entertaining a motion to vacate a judgment for errors of fact, necessarily passes upon the question whether the motion discloses errors of fact, but its decision in that regard, though erroneous, does not deprive it of jurisdiction to vacate the judgment, and the error can be corrected only under proper assignments of error on appeal or writ of error.

3. SAME—*party must raise question of law as to whether error of fact is sufficiently established.* To preserve for review the trial court's decision that there was error of fact in entering a prior judgment, the party aggrieved by such decision must raise the question in the trial court as one of law by demurring to the evidence or by some other mode which would call upon the court for a ruling upon the question as one of law.

4. SAME—*affidavits and counter-affidavits are proper on motion to vacate judgment for errors of fact.* Upon motion to vacate a judgment, entered at a prior term, for errors of fact, it is proper practice to hear the motion upon affidavits and counter-affidavits.

221—11

Writ of Error to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. Jonas Hutchinson, Judge, presiding.

John Domitski, the plaintiff in error, brought an action on the case in the superior court of Cook county against the American Linseed Company, defendant in error, and the Wright & Hills Linseed Oil Company. Summons was issued and served upon the two defendants named therein prior to the January term, 1903, of court. On January 6, 1903, a declaration was filed by Domitski against the American Linseed Company alone, and on February 5, 1903, at the February term of the superior court, a default was taken and entered against the defendant in error for failure to appear, and on the 27th of the same month, and at the same term, the plaintiff's damages were assessed by a jury at the sum of $3500, and judgment was entered upon the verdict.

On March 21, 1903, which was one of the days of the March term of the superior court, the defendant in error filed a written motion in said court to set aside and vacate the judgment entered against it in favor of Domitski at the previous term, and to set aside the order of default and verdict, and to stay execution upon the judgment, and assigned ten reasons for granting the motion. Several affidavits were attached to the motion. The parties appeared before the court, and on March 28, 1903, a hearing was had on the motion. The plaintiff in error objected to the court entertaining the motion, on the ground that the term at which the default and judgment were entered had passed and ended and the court therefore had no jurisdiction to entertain such motion. This objection was overruled. The defendant in error thereupon offered and read in evidence the affidavits attached to the motion. A general objection was made by the plaintiff in error to the reading and considering of each of these affidavits. No counter-affidavits were offered by

the plaintiff in error and no witnesses were called or examined on his behalf.

After the hearing, but before the court had passed on the motion, the defendant in error filed an amended motion setting up additional reasons for granting the motion. On March 31, 1903, the superior court sustained the motion and ordered that the default and judgment entered at the February term be set aside and vacated because of error in fact in the entering of said judgment, upon condition that the defendant plead instanter and consent to trial immediately after the case then on trial before the court. The plaintiff excepted to the order so entered, and was given leave to file a bill of exceptions within thirty days. The defendant thereafter filed pleas to the declaration in the original cause, and when that cause was called for trial it was dismissed on account of the failure of the plaintiff to prosecute the suit, and a judgment was entered against the plaintiff for costs.

Domitski sued out a writ of error from the Appellate Court for the First District, and that court having affirmed the order of the superior court entered upon said motion, Domitski brings the record to this court by writ of error.

CHASE R. RANKIN, and C. HELMER JOHNSON, for plaintiff in error.

KRAUS, ALSCHULER & HOLDEN, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Both parties to this writ of error treat the motion to vacate and set aside the judgment of February 27 as having been made under section 67 of chapter 110, Hurd's Revised Statutes of 1903, which abolishes the writ of error *coram nobis* and provides that "all errors in fact committed in the proceedings of any court of record, and which by the common law could have been corrected by said writ, may be

corrected by the court in which the error was committed, upon motion in writing made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

It was held in *Mitchell* v. *King*, 187 Ill. 452, that although this section of the statute abolished the writ, yet "it did not abolish the essentials of the proceeding, which, in nature, remains the same;" that the motion is the commencement of a new suit in which new issues are made up, upon which there must be a finding and a judgment, and that the motion stands in the place of the declaration. It follows from this construction of the statute that the proceeding is one at law, and is independent of the proceeding in which the judgment sought to be set aside was rendered, and that unless an issue of law is made upon the motion in the trial court the question there passed upon is a question of fact, viz., whether the court in the former proceedings committed any error in fact.

Plaintiff in error contends that the motion in the case at bar did not, on its face, disclose any error in fact, and that the court therefore erred in assuming jurisdiction of the motion. If plaintiff in error desired to present to this court the question whether the motion showed any cause for annulling the former judgment, which is a question of law, he should, under the rules of practice applicable to suits at law in which declarations are filed, have saved that question in some appropriate way recognized by law. This he failed to do. No issue of law was made upon the motion, no motion in arrest of judgment was interposed in the superior court, and no error has been assigned upon the record of the superior court or of the Appellate Court questioning the sufficiency of the motion to support the order or judgment in this cause. The superior court is, by section 67, *supra,* given jurisdiction to entertain a motion to set aside a judgment rendered by it at a prior term for errors in fact. It necessarily has the power, in each instance, to pass on the question whether the motion so made on its face discloses any such error. If it

decides that the motion does disclose such error in fact, its jurisdiction in the particular case is not taken away by reason of the fact that its conclusion in this regard is erroneous. The error, if any, in holding the motion sufficient can only be corrected by appeal or writ of error from the judgment rendered in the particular case upon proper assignments of error in the court of review.

The question whether the motion on its face discloses any error in fact is therefore not before this court for consideration.

It is next urged that the matters set up in the affidavits, which were offered and read in evidence upon the hearing in support of the motion, are not such as to entitle defendant in error to have the former judgment set aside and annulled for error in fact,—that is, that the affidavits do not prove an error in fact. Section 89 of the Practice act provides that "the Supreme Court shall re-examine cases brought to it by appeal or writ of error as to questions of law only." Whether or not there was an error in fact committed in the proceedings which culminated in a judgment in favor of the plaintiff for $3500 was purely a question of fact. It was necessary to establish the error in fact by evidence *dehors* the record. (*Mitchell* v. *King, supra.*) The superior court decided, as a matter of fact, that there had been an error in fact committed in the former proceedings. In order to present to this court the question, as one of law, whether there is any evidence in the record to sustain the order or judgment of the superior and Appellate Courts, it was necessary to submit that question to the superior court as one of law by demurring to the evidence, or by some other mode that would call upon the trial court for a ruling upon that question. Such course is necessary to preserve the question as one of law, even though there is no conflict in the evidence upon which the trial court based its finding. (*Sun Mutual Ins. Co.* v. *Barrel Co.* 114 Ill. 99.) Plaintiff in error did not follow this course. Therefore the question whether the affi-

davits, or the matters therein contained, proved any error in fact in the former proceedings cannot be considered here.

It is also contended that the court erred in hearing the motion upon affidavits. It has always been the practice in this State to hear proceedings of this kind upon affidavits and counter-affidavits, (*Peak* v. *Shasted*, 21 Ill. 137; *Mains* v. *Cosner*, 67 id. 536; *Mitchell* v. *King, supra,* affirming *King* v. *Mitchell*, 83 Ill. App. 632; *Consolidated Coal Co.* v. *Oeltjen*, 189 Ill. 85;) and we are therefore not disposed to hold that there is any error in such procedure.

Finding no error of law in the record now before us, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*