DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1912.

Dora Cramer, Appellant, v. Illinois Commercial Men's Association, Appellee.

### Gen. No. 17,499.

1. APPEALS AND ERRORS—*final order*. Where on the last day of the term an order is entered striking defendant's plea from the files for want of an affidavit of merits and default judgment is entered for plaintiff, and at the next term a written motion is filed by defendant under Practice Act, § 89, which abolishes the writ of error *coram nobis*, to set aside the order and default judgment, to which motion plaintiff's demurrer is overruled and judgment entered that default judgment at preceding term be vacated, this is a final order and appealable.

2. PRACTICE—*failure to serve notice required by rules of court not "an error of fact."* Where plaintiff's motion to strike defendant's plea and enter judgment is allowed when defendant has not been served with notice as required by rules of the court, there is not "an error of fact" which will support a motion under Practice Act, § 89, at the next term to set aside the order.

3. PRACTICE—*section 89 of the Practice Act*. To support a motion under Practice Act, § 89, there must be an "error of fact" as distinguished from an "error of law."

4. JUDGMENTS—*when bond for costs not filed*. The fact that a bond for costs is not on file does not affect the validity of a judgment in favor of a nonresident plaintiff.

Appeal from the Circuit Court of Cook county; the HON. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed. Opinion filed December 19, 1912.

Vol. CLXXVI—1       (1)

M. E. Ames, for appellant; Quin O'Brien, of counsel.

James Maher, for appellee; John T. Murray, of counsel.

Mr. Presiding Justice Gridley delivered the opinion of the court.

On the last day of the December, 1910, term of the Circuit Court of Cook County, to-wit: January 14, 1911, on motion of the attorney for Dora Cramer (hereinafter called plaintiff), an order was entered striking the *plea* of the Illinois Commercial Men's Association (hereinafter called defendant) from the files for want of an affidavit of merits, and defaulting the defendant. The order was entered without notice to the defendant. Plaintiff's damages were thereupon assessed by the court and judgment was entered in her favor for $5,345.13. On January 30, 1911, the attorney for defendant filed a written motion urging the court to set aside and vacate said order and judgment of January 14, 1911, which motion was, on February 3, 1911, allowed and said judgment set aside. Plaintiff seeks by this appeal to reverse the order of February 3, 1911, vacating said judgment.

The transcript of the record filed in this court discloses the following: On September 14, 1910, plaintiff commenced an action in *assumpsit* against defendant. Service was had on defendant, and, on November 17, 1910, its appearance by attorney was entered. On December 9, 1910, plaintiff filed her declaration, consisting of three special counts and the common counts, to which was added an affidavit of claim. This affidavit was signed and sworn to by Quin O'Brien and stated that "he is one of the attorneys and agents of the plaintiff herein and authorized to make this affidavit for her, and * * * that the demand * * * is for money due the plaintiff from the defendant on a policy of insurance on the life of Adolph G. Cramer,

deceased, for the amount of $5,000, with interest at 5 per cent. per annum from July 22, 1909, a copy of which policy is set out in the first special count of this declaration, to which reference is hereby had and it is made a part hereof, and that there is due to the plaintiff from the defendant, after allowing to defendant all just credits, deductions and set-offs, $5,345.13.'' On December 20, 1910, the defendant filed a plea of general issue and sixteen special pleas, *but did not file any affidavit of merits.* On January 14, 1911, on motion of plaintiff and without notice to the defendant, the court entered the order and judgment in favor of plaintiff above mentioned. When, on January 30, 1911, the attorney for defendant filed the written motion to set aside and vacate said order and judgment, the term of court at which the same was entered had expired. The motion was evidently based on section 89 of the Practice Act, which abolishes the writ of error *coram nobis,* and provides that ''all errors *in fact,* committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice.'' In said written motion twenty-eight assignments of error were made, which were to the effect that the court had no jurisdiction to strike out defendant's plea, or to enter said default, or to assess damages against defendant, or to enter said judgment; that the court acted illegally and erroneously in so doing and contrary to the rules of the circuit court; that neither plaintiff's declaration nor the affidavit of plaintiff's claim were such as required from defendant an affidavit of merits; that plaintiff is a nonresident of the state of Illinois and failed to file security for costs; that the order striking out defendant's plea did not designate which one of the several pleas was stricken, and that it was error to enter the default and judg-

ment so long as any pleas were on file and undisposed of; that by the action of the court in entering judgment without notice, even after default entered, defendant was deprived of its right to be present upon the assessment of damages, and that defendant was deprived of its rights under the Constitutions of the State of Illinois and of the United States. The motion was supported by a lengthy affidavit of James Maher, the attorney for the defendant, in which it was stated, *inter alia,* that affiant first learned of the entry of said judgment against defendant on January 19, 1911, after the term at which said judgment was entered had passed, and that neither affiant or defendant had any prior notice of the proceedings of January 14, 1911; that on that day and at and prior to the commencement of said suit, there were in force certain rules of said circuit court (which rules of court were set forth in said affidavit and it was claimed that the same had been violated by the court in entering said default and judgment of January 14, 1911); that one of said rules, to-wit: Rule 15, provided that "No motion will be heard or order made in any cause without notice to the opposite party, when an appearance of such party has been entered, except where a party is in default or when a cause is reached on the call of the trial calendar;" that plaintiff was a resident of Wisconsin and that no bond or security for costs had been filed by her; that affiant examined plaintiff's declaration on December 16, 1910, but inadvertently failed to notice the affidavit of claim accompanying the same, and on December 20, 1910, filed the pleas of the defendant, but without any affidavit of merits. The affidavit stated further facts tending to show that defendant had a meritorious defense to plaintiff's claim. Plaintiff filed a demurrer to the errors assigned by defendant in its said written motion, but the court overruled the demurrer and plaintiff excepted. Plaintiff did not file any counter-affidavit and no evidence, other than said affidavit of James Maher, was pre-

sented to the court in support of defendant's motion to vacate said judgment of January 14, 1911, and plaintiff demurred to said evidence and moved that the court deny defendant's motion, which demurrer and motion was overruled and plaintiff excepted. The court then found for the defendant on its said motion to vacate said judgment, and plaintiff moved for a new trial and in arrest of judgment, which motions were denied and plaintiff excepted. The judgment of the court, entered February 3, 1911, was "that the plaintiff be and she is hereby required to file a bond for costs herein within thirty days from this date, and * * * that the default and judgment heretofore on January 14, 1911, entered herein be and the same is hereby set aside and vacated," to the entry of which judgment plaintiff excepted and appealed to this court.

It is here contended by counsel for defendant that the order of the circuit court of February 3, 1911, setting aside the judgment entered January 14, 1911, in favor of plaintiff, is not such an order as is appealable, inasmuch as it is not a final judgment. We are unable to agree with counsel, because of the decision of our Supreme Court in Mitchell v. King, 187 Ill. 452, and followed in Domitski v. American Linseed Co., 221 Ill. 161, 164. In the former case, John Mitchell sued King in an action of *assumpsit,* had a summons issued and filed his declaration. The summons was not served on King, and an *alias* and a third and fourth summons, being successively issued, were returned unserved. Nothing further had been done in the case when, on February 19, 1898, John Mitchell, the plaintiff, died. His death was not suggested of record or his executrix substituted as plaintiff. Several months later, on August 5, 1898, a fifth summons was taken out in the name of the deceased plaintiff, and King was served. On October 8, 1898, at the October term of the Superior Court of Cook County, Bridget Mitchell, executrix of the deceased plaintiff, appeared and suggested his death, and it was ordered that the cause

proceed in her name. Thereupon King, who had not appeared, was defaulted, plaintiff's damages assessed at $8,000 and judgment was entered for that amount. At the succeeding term of the court, on November 21, 1898, King entered his appearance and moved the court to vacate and set aside the judgment. On the hearing of the motion it appeared, as a matter of fact, that John Mitchell had been dead for some time when the summons of August 5, 1898, was sued out and served upon King. The superior court overruled the motion to vacate the judgment, and King appealed to the appellate court, which reversed the order made on the motion and remanded the cause to the superior court, with directions to vacate and set aside the judgment. Bridget Mitchell sued out a writ of error from the supreme court to review this judgment of the appellate court. King moved the supreme court to dismiss the writ of error. Practically, the same contentions were there urged as now here made, namely, that the writ of error could not lie for want of finality in the judgment, that the controversy was not ended, that plaintiff might still prosecute the suit against the defendant, and that the judgment of vacation was but a single step in the proceeding. The motion to dismiss the writ of error was denied, the court saying, p. 457 (italics ours):

"A technical judgment is not required to make the judgment of the Appellate Court final, but it is sufficient if it concludes or ends the controversy between the parties *in the particular suit.* The particular controversy which was before the Appellate Court in this case arose upon a motion which our statute has substituted for the writ of error *coram nobis.* At common law there were writs of error for the correction of errors of law and of fact. * * * By our statute the writ of error *coram nobis* has been abolished, and errors *in fact* committed in the proceedings of any court of record, and which by the common law could have been corrected by said writ, may be corrected by the court in which the error was committed, by

motion in writing. * * * But while the statute abolished the writ it did not abolish the essentials of the proceeding, which, in nature, remains the same. A writ of error *is a new suit*, in which original process is issued and served and new pleadings are made up. *The assignment of error stands in the place of the declaration*, and it is still necessary, in the form of a motion, *to allege and show an error in fact*, and for the opposite party to have notice. The defendant may, of course, admit the matter alleged and submit the question of error to the court as a matter of law, or may deny the fact, or plead the Statute of Limitations against the motion. In either case an issue is made up and there must be a finding and a judgment. If the alleged error is proved and there is judgment for the plaintiff in error, it is that for such error the judgment be recalled and annulled. In this case there was judgment against the party making the motion in the superior court, and the issue made by the motion was taken to the Appellate Court. *The original case was not in the Appellate Court, but only the motion in the nature of the writ of error coram nobis.* The judgment of the superior court was reversed by a judgment in the Appellate Court, which was final upon the issues presented on the motion. * * * The judgment settles finally the issues made in that case and *destroys the judgment*."

In the case before us a judgment in favor of plaintiff was entered. After the expiration of the term of court at which that judgment was entered, except by virtue of the provisions of section 89 of the Practice Act pertaining to "errors *in fact*," the trial court had no discretion or authority to set aside that judgment, and could amend it only in a mere matter of form. Cook v. Wood, 24 Ill. 295; Cox v. Brackett, 41 Ill. 222; Barnes v. Henshaw, 226 Ill. 605, 609; People v. Wilmot, 254 Ill. 554, 559. "An alleged error *at law* cannot be examined, revised or corrected by the court on a mere motion entered after the close of the term at which the alleged erroneous action was taken and final judgment entered." Pisa v. Rezek, 206 Ill. 344. After

the term had expired defendant, by its attorney, appeared and by written motion urged the court to set aside the judgment. In that motion it made 28 points or assignments of error which, as stated in the Mitchell case, *supra,* "stands in the place of the declaration." When that motion upon notice to plaintiff was filed, plaintiff could either demur thereto (*i. e.,* "admit the matters alleged and submit the question of error to the court *as a matter of law*), or by appropriate plea deny the matters alleged. She chose to do the former. She demurred and her demurrer was overruled by the court and she excepted. The defendant sought to support its allegations contained in said written motion, or declaration, by filing the affidavit of James Maher. This was proper. Domitski v. American Linseed Co., 221 Ill. 161, 166. No further affidavits in support of defendant's allegations were presented, and plaintiff, by proper motion, in effect demurred to defendant's case and moved that the court deny defendant's motion to vacate said judgment, which motion was overruled and plaintiff excepted. Plaintiff did not introduce any counter-affidavits, and the court finally entered the order or judgment, setting aside the judgment in favor of plaintiff of January 14, 1911, to the entry of which plaintiff excepted, and appealed to this court. We are of the opinion that the appeal is properly before us.

Counsel for plaintiff here contends in effect that defendant's motion in the court below did not, on its face, disclose any error *in fact,* and that the trial court erred in assuming jurisdiction of defendant's motion and in setting aside and vacating the judgment of January 14, 1911, in favor of plaintiff. We think that plaintiff has in this case pursued, in every material particular, the method held in Domitski v. American Linseed Co., *supra,* as essential to present to a reviewing court the errors assigned. Glaefke v. Western Electric Co., 145 Ill. App. 383, 386.

In Crawford v. Williams, 1 Swan (Tenn.) 341, the

proceeding in error *coram nobis* is elaborately discussed and the court says, p. 345:

"If a judgment be erroneous in matter *of fact* only, and not in matter *of law,* it may be reversed in the same court by writ of error *coram nobis;* for error in fact is not the error of the judges, and reversing it is not reversing their own judgment. 2 Tidd's Pr. 1137. The error *in fact,* which will render a judgment erroneous must be such *as would have precluded the rendition* of such judgment, if the fact had judicially appeared at the former trial. As, where the plaintiff or defendant was a *feme covert* at the institution of the suit, or where either party had died before the verdict or interlocutory judgment. * * * It is true that nothing can be assigned for error *in fact* which appeared and was adjudged in the former suit, or which contradicts the record of that suit. Bac. Ab., title Error. And in Birch v. Trist it is said that the error in fact must be of such a nature as, if true, *will destroy the plaintiff's right of action.* 8 East 415."

In Estate of Gould v. Watson, 80 Ill. App. 242, 247, this court said:

" 'The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication, made while some fact existed, which, if before the court, would have prevented the rendition of the judgment, and which, *without any fault or negligence of* the party, was not presented to the court.' Freeman on Judgments, sec. 94. It is apparent * * * that the fact upon which the error is predicated, in order to avail under this writ, must be matter not part of the issues tried by the court, but something *aliunde,* which, if presented to the court at the trial, would have absolutely precluded the judgment as rendered, and not a fact merely bearing upon the issues adjudged, however conclusive it might have been of such issues."

In Pisa v. Rezek, 206 Ill. 344, 345, it is said:

"The motion substituted by the statute for the writ of error *coram nobis* may be invoked to enable the court to correct an error of fact that came within the

scope of the writ as it existed at the common law, as, that the judgment was entered against a deceased person, an infant without a guardian, a *feme covert,* a person insane at the time of trial, or that a valid defense existed in fact, but which, *without negligence of defendant,* was not made, either through duress, fraud or excusable mistake, *without negligence* on the part of the party who by the motion complained of the action of the court.''

We do not think that either defendant's motion to set aside said judgment of January 14, 1911, or the affidavit in support thereof, disclosed any error *of fact,* as distinguished from an error *of law,* which warranted the action of the trial court in setting aside said judgment. Counsel for defendant strenuously contends that the alleged violation of Rule 15 of the rules of the circuit court, above mentioned, and the alleged violation of other rules of said court, set forth in the affidavit of James Maher, are errors *of fact.* We cannot agree with the contention. In Pisa v. Rezek, 206 Ill. 344, an order was entered in the Probate Court of Cook County disallowing a claim filed against the administrator of a deceased person, and the claimant perfected an appeal to the circuit court of Cook county. The appeal bond and transcript were filed in said circuit court on December 16, 1901. On April 3, 1902, certain of the heirs of the deceased person were permitted to become parties defendant and they entered their appearance. On April 19, 1902, the last day of the March, 1902, term of said circuit court, an order was entered dismissing said appeal and adjudging that the costs should be paid by the claimant. After the term had passed, on June 7, 1902, the claimant moved to set aside and vacate said order and judgment, but the court denied the motion. On appeal to this court that ruling was affirmed, and on further appeal to the supreme court was again affirmed. The court said, p. 345:

''The motion disclosed no ground of complaint, but

it appeared from affidavits filed in support thereof that the vacation of the order of dismissal was asked upon the ground that under the proper construction of the rules of practice in said circuit court the appellant was entitled to one day's notice, in writing, that the motion of the appellees that the appeal from the probate court be dismissed would be taken up and considered, and that such notice in writing had not been given. The court had jurisdiction of the parties and of the subject-matter and proceeded to final judgment, and the judgment entered in the cause could not be opened and reviewed at a subsequent term to correct an alleged error in the construction or application of the rules adopted by the court to regulate the practice in the court. It is only the correction of matters of form, clerical errors or matters quite of course that may be had on mere motion, after the close of the term.''

In Glaefke v. Western Electric Company, 145 Ill. App. 383, Glaefke sued the company in the circuit court of Cook county in an action on the case for personal injuries, and on December 10, 1903, filed her declaration, and on December 22, 1903, the company filed a plea of general issue. On May 2, 1906, an order was entered dismissing the suit for want of prosecution, and a judgment for costs was entered against the plaintiff. After the term had passed, on April 4, 1907, on motion of plaintiff the circuit court vacated the order of dismissal and judgment for costs and reinstated the cause upon the docket. The company entered its motion for a new trial, which was overruled. It then moved in arrest of judgment, which motion was also overruled. It then prayed and perfected its appeal to this court, from the order of the circuit court in setting aside said judgment and reinstating the cause. The motion filed by plaintiff was that the case be reinstated upon the calendar and that the court amend the record of the judgment so that it should appear that the cause was dismissed on the general call of the docket instead of having been dis-

missed on the regular call for actual trial, which it was claimed was not the fact. This court reversed the order setting aside the judgment, and said, p. 385:

"The power of the court to interfere with the judgment at all rests in its right to proceed on motion to correct any error committed by the court not appearing in the judgment itself or involving any proceeding of either fact or law occurring upon the trial *aliunde* the record and which, when made known to the court, would have the effect to void or nullify its judgment. Such a motion serves the office and function of the common-law writ of *coram nobis*, and is in the nature of a review by the trial court of the error alleged against its judgment. Such review must be limited to errors *of fact*. * * * If the court proceeded, in its order reinstating the cause, on the ground that it should not have dismissed the same, as it did, under the order for a general call of the law docket, such error was *of law* and not *of fact*, and therefore not reviewable by the trial judge."

As to the point made that plaintiff was a nonresident and had filed no bond or security for costs before judgment, this does not affect the validity of the judgment of January 14, 1911. The filing of a bond for costs is not a jurisdictional prerequisite. Palmer v. Riddle, 180 Ill. 461, 464; Baltimore & O. S. W. R. Co. v. Keck, 185 Ill. 400, 405; Plaff v. Pacific Exp. Co., 251 Ill. 243, 247.

The judgment of the circuit court, entered February 3, 1911, setting aside the default and judgment entered on January 14, 1911, is reversed.

*Reversed.*