White Oak Coal Company, Plaintiff in Error, v. Charles Beck, Defendant.
W. C. Reebie & Bros. Co., Garnishee, Defendant in Error.

### Gen. No. 16,655.

1. JUDGMENTS—*practice on motion to vacate.* It is proper practice to hear a motion to vacate a judgment on affidavits and counter-affidavits.

2. JUDGMENTS—*motion to vacate.* On a motion to vacate a judgment the action of the court will be largely controlled by the promptness with which the application is made and by the consideration whether or not the irregularity is one which could have operated to the prejudice of the applicant.

3. APPEARANCE—*answer of garnishee.* In an action of the fourth class in attachment in the Municipal Court of Chicago, an "answer" of a garnishee stating that it was not indebted to and had no assets of the debtor constitutes its appearance.

4. GARNISHMENT—*time to file motion to vacate judgment.* Where, in an action of the fourth class in attachment in the Municipal Court of Chicago, a judgment against the garnishee is entered without fixing a day for the trial of the garnishment issues as provided by the Municipal Court Act, section 45, an application to vacate the judgment made almost three months thereafter is made with reasonable promptness.

5. GARNISHMENT—*when judgment may be vacated for irregularities.* Where, in an action of the fourth class in attachment in the Municipal Court of Chicago, a garnishee appears by filing an answer and is defaulted for failure to appear, and the judgment is entered without fixing a day for the trial of the garnishment issues as required by the Municipal Court Act, section 45, for the amount of the debt, and also ordering the garnishee to turn over a chattel to a bailiff, the irregularities in the judgment are prejudicial and it may be vacated.

Error to the Municipal Court of Chicago; the HON. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed December 30, 1912.

Plaintiff in error began an action of the fourth class in attachment against Charles Beck in the municipal court and a writ of attachment was issued returnable December 22, 1809. The writ was returned "not found" as to Beck and served on the W. C. Reebie and Brothers Company, a corporation, as garnishee. December 22 the cause was postponed to January 11, 1910, and notice given to Beck by posting and mailing. January 7 the garnishee filed an "answer" verified by the oath of its treasurer, stating that at the time of the service of the writ upon it, it was not indebted to Beck and neither then nor at any time thereafter had any moneys, property, chattels or effects of said Beck in its possession, charge or custody. January 11 the defendant Beck was defaulted for failure to appear, the damages of the plaintiff assessed at $60.94, and judgment rendered against him for that sum and costs, and a special execution ordered to issue "against the property levied on under the writ of attachment herein." In the same order, immediately after the judgment against Beck, it is stated that "thereupon" the cause came on for trial on the garnishment issues, and the court found that there was in the hands of the garnishee at the time when, etc., a piano, the property of Beck, on which the garnishee had a lien, and it was ordered that said property be turned over to the bailiff of the court to be by him sold subject to said lien, and the proceeds applied to payment of the judgment against Beck. Then follows, also in the same order, a personal judgment that Beck for the use of the plaintiff recover from the garnishee the sum of $66.94 "as by the court assessed, and that he have the residue, if any, for the use of himself, and that execution issue therefor." April 1, 1910, the garnishee moved the court to set aside and vacate the judgment entered against it January 11, and the hearing of the

motion was postponed to April 9. The same day the garnishee filed in support of its motion its petition, sworn to by its secretary, which states that the garnishee filed an affidavit setting forth that it was not indebted to nor had any goods, chattels or effects belonging to Beck when the writ was served or afterward; that it filed no appearance and received no notice of contest as to the contents of said affidavit; that it moved some goods for Beck, but did not retain possession of any of the goods of Beck, and did not move any piano of Beck nor any piano from his premises or which he had in his charge or possession. The record states that the parties came April 9, and the court after hearing counsel ordered that the judgment against the garnishee entered January 11 be vacated and set aside and postponed the further consideration of the cause to April 15. April 15 the court heard the case as to the garnishment issues, found said issues for the garnishee and discharged the garnishee.

CRATTY BROS. and JARVIS & HUDSON, for plaintiff in error

FREDERICK PEAKE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Section 21 of the Municipal Court Act gives to that court the same power to vacate judgments that a circuit court has during the term if a motion to vacate is entered within thirty days after entry of the judgment, and provides that if no motion to vacate is entered within that time the judgment shall not be vacated except on appeal, etc., "or by a petition to said municipal court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a bill in equity. *Provided, however,* that all errors in fact in the proceedings in such case,

which might have been corrected at common law by the writ of error *coram nobis* may be corrected by motion, or the judgment may be set aside, in the manner provided by law for similar cases in the circuit court.''

In this state it has always been the practice to hear motions to vacate on affidavits and counter-affidavits. Domitski v. American Linseed Co., 221 Ill. 161. In this case the plaintiff did not, by motion to dismiss or otherwise, question the sufficiency of the petition to vacate or file any counter-affidavit, and plaintiff's attorney stated that he appeared on the hearing of the motion to vacate specially merely for the purpose of objecting to the jurisdiction of the court, and elected to stand by the record of the judgment theretofore entered.

Section 45 of the Municipal Court Act provides: ''That if in any case of the fourth class * * * the defendant shall appear at the time specified in the summons or shall have entered his appearance in writing at or before the time so specified, the court shall, at such time, or as soon thereafter as practicable, fix a time for the trial thereof, and such case shall be tried at the time so fixed or as soon thereafter as the other business of the court will permit.'' By filing its ''answer'' stating that it was not indebted to the defendant Beck and had no moneys, etc., of Beck in its possession, the garnishee entered its appearance, and the statute required that the court fix a time for the trial of the issues joined on the answer. The record shows that immediately after the entry of the judgment against Beck the court proceeded to try the garnishment issues, entered an order that the garnishee turn over to the bailiff a piano which the court found belonged to Beck and was in the possession of the garnishee at the time of the service of the writ, that the same be sold by the bailiff and the proceeds applied on said judgment of $66.04, etc., and then, in the same order, entered a personal judgment that Beck, for the use of the plaintiff, recover of defend-

ant $66.04 for the use of the plaintiff and that he have the residue, if any, for himself, and that execution issue therefor.

"Irregular and improper conduct in procuring judgment to be entered is a well settled ground for vacating it. This has become one of the settled remedies where the improprity or irregularity has not been induced by the fault or negligence of the judgment debtor. A judgment is said to be irregular whenever it is not entered in accordance with the practice and course of proceeding where it was rendered." Freeman on Judgments, sec. 97.

The judgment in this case was irregular because, although the garnishee had appeared, it was entered without fixing a day for the trial of the garnishment issues, and because there was both an order that the garnishee turn over to the bailiff a piano and a personal judgment against the garnishee for the amount of the judgment against Beck.

On a motion to vacate a judgment the action of the court will be largely controlled by the promptness with which the application is made and by the consideration whether or not the irregularity is one which could have operated to the prejudice of the applicant. Freeman on Judgments, sec. 97.

Here the application was made with reasonable promptness, and it is clear that the irregularity was one which could operate to the prejudice of the garnishee, for he had no trial of the garnishment issues and there was against him the order to turn over a piano and a judgment for the full amount of plaintiff's judgment against Beck.

Under the facts and circumstances shown by the record, we are of the opinion that it would be inequitable to allow the judgment to be enforced, and we therefore affirm the order vacating and setting it aside.

*Affirmed.*