# JOHN STOETZELL *et al.*

*v.*

# ALEXANDER N. FULLERTON.

1. ABATEMENT — *death of co-plaintiff — suggestion of matter of form — design of statute relative to.* The statute relative to the abatement of suits by the death of parties, was designed to prevent abatement in any case where the cause of action would survive, on the suggestion of the death, which suggestion is a matter of form, and may be made by either party.

2. SAME — *when suit does not abate.* In a joint action of assumpsit, on account, by two plaintiffs, where one of them, pending the suit, died, and judgment was afterward rendered therein, and without suggestion of such death having been made, — *held,* that the suit did not abate; the survivor, on the death of his co-plaintiff, being entitled to prosecute the action to final judgment.

3. SAME — *defendant should avail himself of the death of plaintiff by plea in abatement — failure to do so — effect of.* In such case, the defendant to have availed himself of the fact of the death of one of the plaintiffs, should have pleaded it in abatement; but having failed to do so, and allowed the cause to be tried upon the merits, under the plea of *non assumpsit,* under which plea such death could not have been proved, he is bound by the judgment rendered therein, and cannot afterward question it in a collateral proceeding.

APPEAL from the Superior Court of Chicago.

The facts in this case are fully stated in the opinion.

Messrs. BECKWITH, AYER & KALES, for the appellants.

Mr. W. T. BURGESS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment brought in 1858, to the Cook county Court of Common Pleas, by Alexander N. Fullerton against John Stoetzell, and others, to recover the possession of part of lot four, in block eleven, in Wolcott's addition to Chicago.

A verdict was found for the plaintiff, and a motion for a new trial having been denied, judgment was entered on the

verdict, to reverse which the defendants bring the record here by appeal.

It was conceded on the trial, that Charles Butler, on the 26th of June, 1837, was the owner in fee of this lot, and on that day sold and conveyed the same to the plaintiff. This was the plaintiff's title.

The defendants read in evidence, subject to all legal exceptions, the record and proceedings in the Circuit Court of Cook county, wherein Charles R. Reed and Nathaniel Church were plaintiffs, and Alexander N. Fullerton was defendant, from which it appeared that a writ of summons in an action of assumpsit, was issued in that cause, on the 11th day of February, 1839, and served on Fullerton, by reading, on the next day. The declaration was filed, containing the common counts, on the 21st of that month, the damages being laid at six hundred dollars.

The copy of the account attached to and filed with the declaration, was in the name of C. H. Reed & Co. to invoice August 1, 1837, $914.80, with credits attached, showing a balance due of $340.75, with interest to be computed. The general issue was filed on the 14th of March, 1839, and at the March Term, 1841, the cause was submitted to the court for trial, who found for the plaintiffs, and assessed the damages at the sum of $388.73, and rendered judgment accordingly. On this judgment an execution was issued January 24, 1842, and levied on the premises in question, and on the 9th of May following they were bid off by the plaintiffs' attorney, and the execution indorsed satisfied in full. A certificate of sale was issued to Reed and Church, on the 11th of May, 1842, and on the 22d of September, 1843, a deed was executed by the sheriff to them for the premises. The defendants then produced in evidence a quitclaim deed of the same premises to Charles R. and Harriet Church, two of the defendants, dated February 18, 1857. It was admitted that Stoetzell was in possession of the premises, and that the other defendants claimed title to the same. This was the defendants' case.

The plaintiff then proved that Nathaniel Church died in

Troy, New York, in the fall of 1839, on some day between the 29th of September and the 10th of November, of that year, and then insisted, that as Church, one of the plaintiffs in the action of Reed and Church against him, was dead at the time the judgment was rendered in the action, the judgment and all proceedings under it were void, and no title passed to Reed by the sheriff's deed; and of this opinion was the court, and accordingly found the defendant guilty, and that the plaintiff was the owner of the fee.

This decision of the court is the point in the case.

The appellee contends that inasmuch as Church, one of the plaintiffs, was dead at the time of the entry of the judgment, and no suggestion of the death upon the record, as required by statute, the suit abated at common law and the judgment was a nullity.

This rule was not universal at common law, as appears from the case cited by appellee's counsel— *Underhill* v. *Devereux*, 2 Saunders, 72 (note *i*), as in a *quare impedit* by two, or in an *audita querela* by two; or in debt by two executors, when one was summoned and severed and dies, the writ did not abate; and when one of two plaintiffs died before interlocutory judgment, but the suit went on to execution in the name of both, the plaintiff was permitted, even after a motion to set aside the proceeding for this irregularity, to suggest the death of the other on the roll and to amend the *ca. sa.* without paying costs. *Newnham* v. *Law*, 5 Term, 577.

The statute of 8 and 9 William III, ch. 11, as well as our own, was designed to prevent the abatement in any case where the cause of action would survive, on the suggestion of the death, which suggestion is a matter of form and may be made by either party. The cases cited show that it has been often allowed to make the suggestion *nunc pro tunc*, and it should be allowed in furtherance of justice and in support of the right. *Newnham* v. *Law*, *supra*; *Hamilton* v. *Holcomb*, 1 Johns. Cases, 29. That was a case of error *coram vobis*, and the court, recognizing the doctrine in *Newnham* v. *Law*, said courts of law have adopted the practice of granting all amendments

to which the party would have been entitled as of course, provided it be of no prejudice to the other party, and these cases were cited as authority in a similar case. *Dormond* v. *Carpenter*, 2 Johns. 184.

The death of Church pending the suit was a fact which might have been pleaded in abatement, but the defendant chose rather to try the cause upon its merits under the plea of non-assumpsit. It is very clear that, under this plea, he could not give in evidence the death of one of the plaintiffs. *Camden et al.* v. *Robinson*, 2 Scam. 507. If this be so, then surely he ought not to be allowed to give the fact in evidence in another action, and by that proof nullify the judgment. To avail of the fact of death, the defendant should have pleaded it in abatement.

The error, if it be one, was an error of fact, which could only be corrected by a writ of error *coram vobis*.

By the common law, before our statute, or that of William III, the general rule was that, whenever the death of any party happened pending the writ, and yet the plea was in the same condition as if such party were living, then such death made no alteration, for where the death of the parties makes no change of proceedings, it would be unreasonable that the surviving parties should make any alteration in the writ; for if such proceeding were changed it would set rights but in the same condition they were in at the time of the death of the parties, and it would be absurd that what made no alteration should change the writ and process on the proceeding. 1 Bacon's Abr. 11, 12.

And the rule is the same in equity, where, if the interest of a party dying so determines that it can no longer affect the suit, and no person becomes entitled thereupon to the same interest, the suit does not abate; or if the interest of a party dying survives to another party; or if a surviving party can sustain the suit, as in the case of several creditors plaintiffs on behalf of themselves and other creditors. For the reason, that the persons remaining before the court either have in them

the whole interest in the matter in litigation, or, at least, are competent to call upon the court for its decree.

In the action of assumpsit by Read and Church against appellee, it would seem from the account filed, on which the suit was brought, that it was a partnership demand, although in the declaration they are not alleged to be partners, yet it was sued on as a joint demand, and *pro hac vice* survived to Reed upon the death of his co-plaintiff. Proceeding to judgment after the death of Church, placed no right of the defendant in peril, for he could never be liable to another action for the same cause if brought by Reed as survivor, or by the administrator of Church. It would then be unreasonable to hold, as the defendant failed to plead the death in abatement, that now he should be permitted to set up that fact to nullify a judgment obtained by defendants' own consent to the issue, on such merits as the issue then made up presented.

It is urged by appellee's counsel, if an amendment is allowed here, *nunc pro tunc,* such amendment would change the whole face of the proceedings, and show no title in appellants, on the principle that the judgment, execution and sheriff's deed must conform.

This point would be well taken, if an amendment was made, but we take the ground that there is no necessity for any amendment, for the reasons we have given. The judgment was a valid judgment, and cannot be rendered null in any collateral action.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*