BRIDGET MITCHELL, EXTX.

*v.*

JOHN KING.

*Opinion filed October 19, 1900.*

1. APPEALS AND ERRORS—*technical judgment not required to make Appellate Court's judgment final.* A technical judgment is not required to make a judgment of the Appellate Court final, but it is sufficient if the order made by the court ends the controversy between the parties in the particular suit.

2. SAME—*common law writ of error coram nobis has been abolished by statute.* By section 66 of the Practice act the common law writ of error *coram nobis* has been abolished, and errors of fact which at common law might have been corrected by such writ, may, under the statute, be corrected in the court where they occurred, upon motion in writing, at any time within five years after judgment.

3. SAME—*when judgment of the Appellate Court is reviewable on error.* A judgment of the Appellate Court which reverses a judgment of the lower court denying a motion, in the nature of a writ of error *coram nobis,* to cancel a judgment, and remands the cause with direction to the lower court to cancel the judgment in accordance with the motion, is a final judgment, reviewable on writ of error.

4. PARTIES—*section 10 of the act on abatement of actions construed.* Section 10 of the act on abatement, (Rev. Stat. 1874, p. 97,) which provides for the substitution of the personal representative in the case of the death of a sole plaintiff, does not authorize any action to be taken in the case until the death of the plaintiff is suggested and the legal representative substituted.

5. PRACTICE—*when motion in nature of writ of error coram nobis is proper.* The issue and service of process in the plaintiff's name after his death and before the substitution of the legal representative is an error of fact, which may be corrected by the motion substituted by the Practice act for writ of error *coram nobis.*

6. SAME—*when failure to plead in abatement is not an abandonment of right.* The abandonment or waiver of the right to plead matters in abatement by filing a plea which is later in order cannot arise if there is no appearance or plea, but only judgment by default.

7. SAME—*when judgment by default should be canceled upon motion.* That a defendant did not plead in abatement that the plaintiff was dead and no legal representative substituted when process was issued and served, does not affect his right to have the judgment by default, rendered after the representative was substituted, canceled upon motion, if there is no allegation in the declaration of the existence of plaintiff which would be admitted by default.

*King* v. *Mitchell,* 83 Ill. App. 632, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

KICKHAM SCANLAN, and EDGAR L. MASTERS, for plaintiff in error:

A mere motion to vacate a judgment at a term subsequent to the judgment term cannot be disguised as a motion in the nature of a writ of error *coram nobis.* *Coursen* v. *Hixon,* 78 Ill. 341; *Fix* v. *Quinn,* 75 id. 232; *McKindley* v. *Buck,* 43 id. 488.

It is the duty, under the law, of a live defendant to plead in abatement the death of the plaintiff. *Life Ass. of America* v. *Fassett,* 102 Ill. 315; *Mills* v. *Bland,* 76 id. 381; *Camden* v. *Robertson,* 2 Scam. 507.

The error in the summons, if any, was cured by the Statute of Amendments and Jeofails. Hurd's Stat. chap. 7, sec. 6, div. 1, 10, 14.

The rule in this State is that a defendant must plead in abatement the death of the plaintiff. *Camden* v. *Robertson,* 2 Scam. 507; *Mills* v. *Bland,* 76 Ill. 381; *Railway Co.* v. *Munger,* 78 id. 300; 1 Chitty's Pl. 448.

A judgment in favor of a dead man or against a dead man is not void but voidable. Freeman on Judgments, sec. 153; *Claflin* v. *Dunne,* 129 Ill. 245; *McMillan* v. *Hickman,* 35 W. Va. 705; *Powell* v. *Washington,* 15 Ala. 803; *Danforth* v. *Danforth,* 111 Ill. 236.

The motion to vacate the judgment was, in effect, that the plaintiff was disabled to sue. But this, being a plea of the second order, admitted the jurisdiction of the court, and hence the motion to vacate for the want of jurisdiction of the court could not succeed. 1 Chitty's Pl. 441.

When the defendant pleads to the person of the plaintiff he admits the court's jurisdiction. 1 Chitty's Pl. 441.

After the term has passed at which judgment is rendered the court has no jurisdiction over the record. The

case is off the docket and parties are out of court. *Cook* v. *Wood*, 24 Ill. 295; *Oetgen* v. *Ross*, 36 id. 335; *Scales* v. *Labar*, 51 id. 232; *Cox* v. *Brackett*, 41 id. 222; *Fix* v. *Quinn*, 75 id. 232.

The writ of error *coram nobis*, and the motion substituted therefor, under section 66 of the Practice act, do not lie when the party complaining knew of the fact complained of and could have taken advantage of the alleged error on the trial. 5 Ency. of Pl. & Pr. 29; *Marble* v. *VanHorn*, 53 Mo. App. 361; *Jackson* v. *Milsom*, 6 Lea, 515.

The facts showing a want of capacity to sue on the part of the plaintiff should be set up by a plea in abatement. *Pierrepont* v. *Loveless*, 4 Hun, 966.

A summons sued out in the name of a dead man is not void. *Challenor* v. *Niles*, 78 Ill. 78.

Otis & Graves, and Haley & O'Donnell, for defendant in error:

All errors of fact committed by a court of record in Illinois, which, by common law, could have been corrected by the writ of error *coram nobis*, may be corrected by motion in the court where the error was committed, at any time within five years after rendition of final judgment. Rev. Stat. sec. 66, chap. 110; *Beaubien* v. *Hamilton*, 3 Scam. 213; *Peak* v. *Shasted*, 21 Ill. 137; *Mains* v. *Cosner*, 67 id. 536; *Claflin* v. *Dunne*, 129 id. 241; *Hall* v. *Davis*, 44 id. 494.

Where there is but one plaintiff in an action at law, and he dies before judgment, the suit does not abate, but the person to whom the cause of action survives, may, upon suggesting the death, be substituted as plaintiff and prosecute the same. Rev. Stat. sec. 10, chap. 1.

Entering orders in a case while a party thereto is dead, and before substitution of his legal representative, is an error of fact, and can only be corrected in the court where the error was committed. 2 Tidd's Pr. 1136, 1167; *Life Ass.* v. *Fassett*, 102 Ill. 315; *Claflin* v. *Dunne*, 129 id. 241.

Upon the death of a sole plaintiff all proceedings are suspended, and, while the suit does not abate, no action

can be taken except to suggest the death and obtain an order substituting the legal representative. *Riley* v. *Hart*, 130 N. Y. 625; *Green* v. *McMurty*, 20 Kan. 190; *Jarvis* v. *Felch*, 14 Abb. Pr. 48; *Hurst* v. *Fisher*, 1 W. & S. 438; *Day* v. *Hamburg*, 1 Brown, 75; *Case* v. *Ribelin*, 1 J. J. Marsh. 29; *Reed* v. *Butler*, 11 Abb. Pr. 128.

A void summons gives no jurisdiction of the person of a defendant. A defendant who has been personally served with a void writ may disregard the same, and afterward be relieved against a judgment based thereon, in any court of competent jurisdiction. Disregard of service of such process creates no estoppel against defendant and divests him of no legal right. *Matthews* v. *Hoff*, 113 Ill. 90; *Culver* v. *Phelps*, 130 id. 217; *Schmidt* v. *Devine*, 164 id. 537.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On February 24, 1896, a summons was issued by the clerk of the superior court of Cook county, returnable at the March term, 1896, at the suit of John Mitchell, against John King, the defendant in error. On March 26, 1896, a declaration was filed. Said summons was not delivered to the sheriff until April 14, 1896, when it was endorsed, "Received too late for service," and returned, and an *alias* summons was issued on that day. The latter summons was returned, "The defendant not found," and on May 21, 1896, a third summons was issued, which was returned June 1, 1896, in the same manner. On September 28, 1896, a fourth summons was issued, which was returned, "Received too late for service." Nothing further had been done in the case when the plaintiff, John Mitchell, died, February 19, 1898. The suit was in assumpsit, which survived to the plaintiff in error, as executrix, but the death of the plaintiff was not suggested or the executrix substituted as plaintiff, as might have been done under the statute. Several months afterward, on August 5, 1898, a fifth summons was taken out in the name of the deceased

plaintiff, returnable at the September term, 1898, which began on the first Monday of that month, and this summons was served on the defendant August 18, 1898. Nothing was done at the September term, but at the October term, on October 8, 1898, the plaintiff in error, Bridget Mitchell, executrix of the deceased plaintiff, appeared and suggested his death upon the record, and it was ordered that the cause proceed in her name. Thereupon the defendant, who had not appeared, was defaulted, the plaintiff's damages were assessed at $8000, and judgment was entered for that amount and costs. On November 21, 1898, the defendant entered his appearance for the purposes of a motion to vacate the judgment, and moved the court to vacate and set aside the same. On the hearing of the motion these facts were shown, from which it appeared that the plaintiff, John Mitchell, had been dead for some time when the summons of August 5, 1898, was sued out and served upon the defendant. The superior court overruled the motion to vacate the judgment, and King appealed to the Appellate Court, which reversed the order overruling the motion, and remanded the cause, made on the motion, to the superior court, with directions to vacate and set aside the judgment. Bridget Mitchell, executrix of John Mitchell, has sued out a writ of error from this court to review the judgment of the Appellate Court.

Defendant in error has moved the court to dismiss the writ of error on the ground that it will not lie for want of finality in the judgment. The claim is that the controversy is not ended, but that plaintiff may still prosecute her suit against defendant by having process served upon him, and that the judgment of the Appellate Court is only a single step in the proceeding. A writ of error may be prosecuted to review a judgment of the Appellate Court where such judgment is final, or where the judgment, order or decree is such that no further proceeding can be had in the court below except to carry into effect

the mandate of the Appellate Court. (Hurd's Stat. 1897, chap. 110, sec. 90.) A technical judgment is not required to make the judgment of the Appellate Court final, but it is sufficient if it concludes or ends the controversy between the parties in the particular suit. The particular controversy which was before the Appellate Court in this case arose upon a motion which our statute has substituted for the writ of error *coram nobis.* At common law there were writs of error for the correction of errors of law and of fact. If the error alleged was apparent upon the face of the record it was the error of the court, and the writ was sued out from a court of superior jurisdiction, and commanded that the record be sent to the court of appellate jurisdiction. If the error alleged was one of fact not apparent upon the face of the record it was not the error of the court, but it was presumed that the court would not have rendered the judgment if it had been cognizant of the fact, and the assignment of error was heard in the same court where the error was alleged to have been committed. By our statute the writ of error *coram nobis* has been abolished, and errors in fact committed in the proceedings of any court of record, and which by the common law could have been corrected by said writ, may be corrected by the court in which the error was committed, by motion in writing. (Rev. Stat. chap. 110, sec. 66.) But while the statute abolished the writ it did not abolish the essentials of the proceeding, which, in nature, remains the same. A writ of error is a new suit, in which original process is issued and served and new pleadings are made up. The assignment of error stands in the place of the declaration, and it is still necessary, in the form of a motion, to allege and show an error in fact, and for the opposite party to have notice. The defendant may, of course, admit the matter alleged and submit the question of error to the court as a matter of law, or may deny the fact, or plead the Statute of Limitations against the motion. In either case an

issue is made up and there must be a finding and a judgment. If the alleged error is proved and there is judgment for the plaintiff in error, it is that for such error the judgment be recalled and annulled. In this case there was judgment against the party making the motion in the superior court, and the issue made by the motion was taken to the Appellate Court. The original case was not in the Appellate Court, but only the motion in the nature of the writ of error *coram nobis.* The judgment of the superior court was reversed by a judgment in the Appellate Court, which was final upon the issues presented on the motion. The superior court was directed to cancel the judgment of $8000, and the judgment of the Appellate Court leaves nothing for the superior court to do except to carry into effect the mandate. The judgment settles finally the issues made in that case and destroys the judgment. Those issues can never be re-litigated in any form. We are of the opinion that the judgment of the Appellate Court is reviewable upon a writ of error, and the motion to dismiss is denied.

At common law an action abated on the death of the plaintiff, and a judgment in the name of a plaintiff who died before verdict might be reversed by the writ of error *coram nobis.* (2 Tidd's Pr. sec. 1136.) The action does not now abate if it is of such a character as to survive, and the statute provides: "When there is but one plaintiff, petitioner or complainant in an action, proceeding or complaint, in law or equity, and he shall die before final judgment or decree, such action, proceeding or complaint shall not on that account abate, if the cause of action survive to the heir, devisee, executor or administrator of such decedent, but any of such to whom the cause of action shall survive, may, by suggesting such death upon the record, be substituted as plaintiff, petitioner or complainant, and prosecute the same as in other cases." (Rev. Stat. sec. 10, chap. 1.) The suit in this case was begun in the lifetime of John Mitchell, and the court acquired juris-

diction of him and of the subject matter, but at his death had not acquired jurisdiction of the defendant. In case of the abatement of an action at law the suit is dead and cannot be revived or continued by any proceedings. Under the statute the suit in this case was not destroyed, but the executrix had the privilege of suggesting the plaintiff's death and being substituted as plaintiff so as to continue the suit. The statute does not authorize the court to proceed without a plaintiff, and does not authorize any action to be taken until the death is suggested and the legal representative substituted. In every suit there must always be a plaintiff, a defendant and a court. The employment of plaintiff's attorneys and their authority was revoked by the death, and the issue and service of process before the substitution of the executrix was unauthorized by law. It constituted an error in matter of fact existing outside of the record and not apparent upon its face. The error was of the same nature as those errors which might be corrected at common law by the writ of error *coram nobis*, and which may now be corrected on the motion.

It does not seem to be seriously contended that the issue and service of process, when there was no plaintiff but a mere right under the statute to make a new plaintiff, was not erroneous, but the principal argument is that it was an error for which there is no remedy, because the defendant did not appear and plead in abatement that plaintiff was dead when the writ was issued and served. It is not denied that he might have appeared and filed such a plea, which must have been sustained. To say that he must do so would be to say that such an error could never be corrected by the writ of error *coram nobis*, while in the text books and numerous decisions it has been said that a judgment in favor of a dead man may be reversed by such a writ. (Freeman on Judgments, sec. 153; *Stoetzell* v. *Fullerton*, 44 Ill. 108; *Claflin* v. *Dunne*, 129 id. 241; *Hurst* v. *Fisher*, 1 W. & S. 438; *Greene* v. *McMurtry*,

20 Kan. 189; *Case of Rubelin,* 1 J. J. Marsh. 29; *Day* v. *Hamburg,* 1 Brown, (Pa.) 75; Tidd's Pr. *supra.*) There is no law which compels a defendant to appear in court when served with ordinary process of summons in a civil suit. If he does not appear and is defaulted, he, of course, takes the consequences of his default. A default admits the cause of action, the truth of the allegations set out in the plaintiff's declaration, and the capacity averred in which the plaintiff brings his suit. In this case, at the time of the default the executrix had been substituted as plaintiff, and the default admitted that she was executrix and admitted the allegations of the declaration, but there was no allegation of the existence of the plaintiff at the time the writ was issued or served. The default had no effect as to the error of fact alleged in the motion. The failure to appear, and the consequent default, certainly did not admit a fact nowhere apparent on the record or alleged by the plaintiff. We do not see how the defendant could be called upon to appear and answer to a summons erroneously issued and served when there was, in fact, no plaintiff. A defendant does not make defective process or service good by refusing to recognize it or appear. It is an appearance, and not a failure to appear, that cures an error or defect of that kind. If a defendant appears in answer to a summons, the law fixes a certain order in which he may plead, and if he fails to plead in abatement but files a plea which is later in such order, he waives the right which he would have had under a plea in abatement. The abandonment arises from the failure to plead after appearing, but where there is no appearance and no plea there can be no waiver of that kind.

There have been cases where this well settled rule has been applied, and these are cited by counsel for plaintiff in error, but they have found none in which the rule or reasoning can be applied to this case. In *Camden* v. *Robertson,* 2 Scam. 507, an action of debt was brought by three plaintiffs, and the defendant appeared and pleaded *nil*

*debet* and payment. Issues were made up on these pleas, and on a trial defendant was allowed to prove that one of the plaintiffs was dead at the commencement of the suit. It was necessarily held that the evidence was inadmissible under the pleadings, and that the defendant who had appeared could not avail himself of the fact except by plea in abatement. In *Mills* v. *Executors of Bland,* 76 Ill. 381, the death of the plaintiff, Elizabeth Bland, was suggested and her executors substituted and an amended declaration filed, to which the defendants pleaded the general issue. The defendants then asked time to prepare an affidavit that the original plaintiff was dead before the suit was brought, which the court refused. There is no question that where a party pleads he can only plead such a fact in abatement, and it was held that defendants were in no position to take advantage of the fact because they had already filed the plea in bar. In *Bunker* v. *Green,* 48 Ill. 243, a plaintiff died after verdict, pending a motion for a new trial, and the court, upon overruling the motion, rendered judgment *nunc pro tunc* and in some way got the judgment before the verdict. No one was injured by it, and there was no question of the judgment having become a superior lien upon real estate. The parties were in court, and the error was not one which required a reversal. *Stoetzell* v. *Fullerton, supra,* was a suit in ejectment by Fullerton, and the defendants appeared. On the trial the defendants showed that the title of plaintiff, Fullerton, was divested under a judgment against him. The court permitted Fullerton, by way of collateral attack on the judgment, to show that Nathaniel Church, one of the plaintiffs in the suit against him, died pending the suit. This court said the death of Church pending the suit might have been pleaded in abatement, but Fullerton chose rather to try the suit upon its merits under the plea of the general issue; that under such plea he could not show the death of one of the plaintiffs, and he surely could not be allowed to give evidence of the fact

in another action and by that proof nullify the judgment. In *Challenor* v. *Niles,* 78 Ill. 78, which was a *scire facias* to revive a judgment, it was objected in this court that the *scire facias* having been issued in the name of the plaintiff in the judgment, who had died, was void. The defendant had pleaded in abatement on a different ground. Concerning the fact of the writ of error issuing in the name of the deceased plaintiff, the court said it was irregular, but an amendment had been allowed and the administrator substituted. Apparently the fact that the death occurred before the writ issued was not shown of record, and the court might properly have said that it could not be considered on error. It has nothing to do with this question. On the other hand, in the cases before cited, this court has affirmed the doctrine that such an error may be corrected by the method here adopted, and in *Claflin* v. *Dunne, supra,* the court quoted with approval from Freeman on Judgments, (sec. 153,) as follows: "Judgments for or against deceased persons are not generally regarded as void on that account, * * * and while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal if the fact of the death appears upon the record, or by writ of error *coram nobis* if the fact must be shown *aliunde.*"

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Subsequently, a petition for a rehearing having been granted, the following additional opinion was filed:

Per CURIAM: Since the rehearing was granted in this case, we have given further consideration to the questions involved, and entertain the same views as those expressed in the foregoing opinion. Said opinion is accordingly re-adopted, and it is ordered that the same be re-filed, and that the judgment of affirmance heretofore entered herein be re-entered as the judgment of this court.