Pearl Wagener, Appellee, v. Western Electric Company, Appellant.

Gen. No. 24,690.

1. JUDGMENT, § 273*—*what errors may be corrected by motion.* Only errors of fact not apparent upon the face of the record, and such facts as it would be presumed if the court had cognizance of it would not have rendered the judgment, may be corrected by motion under Hurd's Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626).

2. JUDGMENT, § 273*—*when order of dismissal for want of prosecution may be set aside on motion.* An order of dismissal of a case for want of prosecution may be set aside upon written motion, under Hurd's Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), relating to correction of errors of fact, where the plaintiff was dead and such fact had not been suggested of record.

3. JUDGMENT, § 272*—*necessity that motion for correction of errors in fact be in writing.* The motion for correction of errors of fact pursuant to Hurd's Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), must be in writing.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded. Opinion filed March 10, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

HOLT, CUTTING & SIDLEY, for appellant.

JOSEPH A. WEBER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

On September 30, 1914, in the Circuit Court of Cook county, the case of Pearl Wagener against the Western Electric Company was called for trial and, no one appearing for the plaintiff, an order was entered dismissing the cause at plaintiff's costs for want of prosecution. In June, 1918, James F. Bishop, as administrator, made an oral motion asking the court to set aside this order of dismissal on the ground that on the date of the dismissal Pearl Wagener was deceased and no administrator had been appointed for her estate. The Circuit Court allowed this motion and the cause was reinstated. From this order the defendant has appealed to this court.

Both counsel have presented and argued points relating to the propriety of the order of September 30, 1914, dismissing the cause for want of prosecution. We are of the opinion that such matters are not now properly before us, and therefore we shall not pass upon the same.

By section 89, ch. 110, Hurd's Ill. St. (J. & A. ¶ 8626), it is provided that the writ of error *coram nobis* is abolished, and that errors in fact which could have been corrected by this writ "may be corrected by the court in which the error was committed, upon motion in writing made at any time within five years after the rendition of final judgment in the case, upon reasonable notice." Only errors of fact not apparent upon the face of the record may be thus corrected, and such facts as it would be presumed if the court had cognizance of it would not have rendered the judgment. Proceedings in a cause where the plaintiff is dead, before this has been suggested, should be corrected under the provisions of this act. *Mitchell v.*

*King*, 187 Ill. 452. Clearly the mover in the case at bar must proceed under the provisions and requirements of the statute.

This requires that the motion to set aside the order dismissing the suit should be in writing, and the oral motion made did not give the court jurisdiction thereof. In *Mitchell v. King*, 187 Ill. 452, the court, speaking of the statute, said:

"But while the statute abolished the writ it did not abolish the essentials of the proceeding, which, in nature, remains the same. A writ of error is a new suit, in which original process is issued and served and new pleadings are made up. The assignment of error stands in the place of the declaration, and it is still necessary, in the form of a motion, to allege and show an error in fact, and for the opposite party to have notice. The defendant may, of course, admit the matter alleged and submit the question of error to the court as a matter of law, or may deny the fact, or plead the statute of limitations against the motion. In either case an issue is made up and there must be a finding and a judgment."

In *Barnes v. Chicago City Ry. Co.*, 185 Ill. App. 148, opinion by Mr. Justice Graves, is a full discussion of the requirements under this section of the Practice Act, with abundant citation of authorities. Among other things the court said:

"That motion must be in writing. It should show some meritorious right to be enforced, of benefit to the mover. The notice provided by that section is the process. The service of such notice gives jurisdiction of the parties. The errors assigned in the motion take the place of a declaration, and issues may be made up on such assignments of error. The opposite party may demur and thereby form an issue of law or may deny the facts or plead matters in avoidance. *Mitchell v. King, supra; Cramer v. Illinois Commercial Men's Ass'n, supra* [260 Ill. 516]. If he does nothing he should be ruled to plead, and if he fails to comply with the rule the court may then proceed to hear and de-

termine the motion, or, more properly, the case, as on default.''

This is the proper practice, and for the failure to pursue the same the order of June 17, 1918, appealed from is reversed and the cause is remanded.

*Reversed and remanded.*