Mary Coultry, Administratrix of the Estate of Martin D. Coultry, Deceased, Plaintiff-Appellant, v. Yellow Cab Company and David Lizawetsky, Defendants-Appellees.

Gen. No. 33,098.

Opinion filed April 17, 1929.

HARRY D. KNIGHT, for appellant.

SAMUELS, COSTELLO & GREENBERG and WILLIAM C. MC-HENRY, for appellee Yellow Cab Company.

MR. JUSTICE WILSON delivered the opinion of the court.

Plaintiff Mary Coultry, administratrix of the estate of Martin D. Coultry, deceased, filed her declaration in the circuit court, charging that Martin D. Coultry, deceased, had come to his death by reason of personal injuries sustained through the negligence of the defendants, Yellow Cab Company, a corporation, and David Lizawetsky. To this declaration defendants filed pleas of the general issue and special pleas denying that, at the time of the injury, they were the owners or in control of the automobile alleged to have caused the injury.

May 11, 1927, the cause appears to have been reached for trial and dismissed at plaintiff's costs for want of prosecution. May 25, 1927, said order dismissing said cause for want of prosecution was vacated and the cause reinstated. June 4, 1927, on motion of the defendants, the order of May 25, 1927, vacating the order of May 11, 1927, dismissing the suit for want of prosecution was vacated. June 9, 1928, the defendants renewed their motion to vacate the order reinstating said cause of action and, thereupon, an order was entered in said cause, vacating the order of May 25, 1927 and June 4, 1927, and ordering said proceedings expunged from the record. From this last order plaintiff prays this appeal.

From the record it appears that the suit was dismissed for want of prosecution by the circuit court at the April term and judgment entered for costs in favor

of the defendants and against the plaintiffs to be paid in the due course of administration.

The order reinstating said cause on May 25, 1927, was entered at the May term following. It is insisted on behalf of the defendants that the suit having been dismissed at the April term, the court lost jurisdiction at the end of that term and was without power or authority to enter the orders of reinstatement at the term following.

It does not appear to be questioned in the briefs filed herein but that the court had lost jurisdiction after the entry of the judgment and the expiration of the term, and that the proceedings thereafter were void unless the matters presented to the court upon the motion heard May 25, 1927, were such as to bring the matter under paragraph 89, chapter 110 of Cahill's Revised Statutes of Illinois, 1927. This section is as follows:

"The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

The affidavit filed in support of the motion to reinstate said cause, made May 25, 1927, stated that the affiant is the duly authorized attorney of record for the plaintiff and that said cause "through the many judges already assigned to hear Calendar Number 6 *and for this cause alone* he overlooked this case and did not know that same had been reached for trial."

This order was vacated on June 4, 1927, on the affidavit of counsel for the defendants that no proper notice had been served and, on cross-motion of attorney for plaintiff, the cause was again reinstated and placed on the trial call.

From the record it is apparent that the only ground upon which the original order of May 25, 1927, to reinstate was based, was the affidavit of attorney for plaintiff hereinbefore set forth. Nothing appears from the record or the bill of exceptions showing any ground upon which the court based its second order of June 4, 1927. Apparently the second order reinstating said cause, which was entered June 4, 1927, was made while the parties were ,in court and after the order of May 25th had been set aside for failure to give proper notice. Assuming the second order was based upon the affidavit filed in support of the first motion, in which counsel, as affiant, stated that because of the many judges assigned to hear Calendar Number 6, he had overlooked the case, nevertheless, this was not a sufficient ground upon which to predicate a motion in order to bring it within section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89. If the second reinstatement was based on an oral motion then there is nothing in the record upon which to base the action of the court.

While, by reason of the statute, the writ of error *coram nobis* has been dispensed with and the relief granted by motion, nevertheless, the reasons for the granting of such a motion are the same as those that were required by the writ of error *coram nobis*.

The Supreme Court of this State in the case of *Marabia v. Mary Thompson Hospital of Chicago for Women and Children,* 309 Ill. 147, in its opinion, said:

"The practice upon the motion which has been substituted for the writ of error *coram nobis* has received consideration in a number of cases in this court, among them *Mitchell v. King,* 187 Ill. 452, *Cramer v. Illinois Commercial Men's Ass'n,* 260 id. 516, *People v. Noonan,* 276 id. 430, and *Chapman v. North American Life Ins. Co., supra.* These cases announced the rule that while a statute has substituted a motion for the writ, the essentials of the proceedings upon the motion are the

same and it is governed by the same practice as upon the writ. The errors of fact which could be made the basis of such a writ and can now be made the basis of a motion were not errors upon such questions of fact as arose upon the pleadings in the original case, or questions of fact averred in the pleadings upon which issue might have been taken, or such questions of fact as constituted the basis of the cause of action or defense upon the merits of the case or might have been pleaded as a defense to the merits. They were questions of the character mentioned in the cases. or by the text-writers where the writ has been discussed as a means of correcting errors in the same court, and referred to the disability of parties, the incapacity of the plaintiffs to sue or the disability of the defendants to defend, such as infancy, coverture, death of one or more of the parties, death of a joint party, insanity. Any of these facts, if known to the court, would prevent the entry of a judgment, and it is to error arising out of lack of knowledge by the court of such facts that the writ of error *coram nobis,* or the motion which is its substitute, applies, and not to lack of knowledge on the part of the court of facts constituting a cause of action or a defense to it.''

The basis of such a motion are facts which, if known to the court, would have prevented the entry of the judgment and are necessarily of the kind and character enumerated in the case of *Marabia v. Thompson Hospital, supra.* The fact stated in the affidavit filed by counsel for plaintiff in support of his motion, is not such a fact as brings the case at bar within the rule. The judgment order dismissing the suit is not rendered void by reason of any lack of knowledge of any fact which would have prevented the court from rendering the judgment that was rendered in this case. The motion is not addressed to the equitable powers of the court and not intended to relieve the party of the conse-

quences of his own negligence. *Loew v. Krauspe,* 320 Ill. 244.

The bill of exceptions filed in a cause is presumed to contain all of the evidence which the one perfecting the appeal desires to present to the court and he is precluded from relying on the fact that there may be other matters which the court considered which would justify the action of an inferior court when the matter is presented to a court of review for reversal, based upon the bill of exceptions prepared by him. The rule is otherwise when the person who does not take the appeal relies upon the fact that it may appear from the bill of exceptions that all the matters and things considered by the court do not appear to be contained in said bill of exceptions.

The motion, as in a writ of error *coram nobis,* is the starting of a new suit and facts must appear from which this court can determine whether the trial court erred in entering the judgment contained in the record. Nothing is preserved by the bill of exceptions showing upon what the court based its order of June 4, 1927.

The Supreme Court in the case of *Domitski v. American Linseed Co.,* 221 Ill. 161, says:

"It was held in *Mitchell v. King,* 187 Ill. 452, that, although this section of the statute abolished the writ, yet 'it did not abolish the essentials of the proceeding, which, in nature, remains the same'; that the motion is the commencement of a new suit in which new issues are made up, upon which there must be a finding and a judgment, and that the motion stands in the place of the declaration. It follows from this construction of the statute that the proceeding is one at law, and is independent of the proceeding in which the judgment sought to be set aside was rendered, and that unless an issue of law is made upon the motion in the trial court the question there passed upon is a question of fact, viz., whether the court in the former proceedings committed any error in fact.

"Plaintiff in error contends that the motion in the case at bar did not, on its face, disclose any error in fact, and that the court therefore erred in assuming jurisdiction of the motion. If plaintiff in error desired to present to this court the question whether the motion showed any cause for annulling the former judgment, which is a question of law, he should, under the rules of practice applicable to suits at law in which declarations are filed, have saved that question in some appropriate way recognized by law."

For the reasons stated in this opinion the judgment of the circuit court is affirmed.

*Judgment affirmed.*

HOLDOM, P. J., and RYNER, J., concur.