The People of the State of Illinois, Plaintiff in Error, v. Michael Nakielny, Defendant in Error.

Gen. No. 37,782.

388

Opinion filed March 29, 1935.

THOMAS J. COURTNEY, State's Attorney, for plaintiff in error; EDWARD E. WILSON and AMOS P. SCRUGGS, Assistant State's Attorneys, of counsel.

No appearance for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

An information was filed in the municipal court of Chicago charging Michael Nakielny with intent to cheat and defraud the People of the State of Illinois by false pretenses. On February 6, 1934, defendant waived a jury and after evidence heard the trial court found him guilty as charged in the information and sentenced him to confinement in the house of correction for the term of 90 days and to pay a fine of one

dollar. Defendant was committed to the house of correction and while serving his sentence the following verified "petition" was filed, on February 28, 1934:

"State of Illinois } ss.
County of Cook }

"In the Municipal Court of Chicago
First District

"The People of The State of Illinois }
vs. } No. 1282353
Michael Nakielny }

"Petition Under Section 89
of the Practice Act

"Your petitioner, Julia Nakielny, . . . respectfully represents unto this Honorable Court that one Michael Nakielny, is now incarcerated in the City of Chicago at the House of Correction, under a judgment entered by this Honorable Court on the 6th day of February, A. D. 1934, by which said judgment the said Michael Nakielny was sentenced to ninety days in the House of Correction and fined One Dollar.

"Your petitioner further shows that the said Michael Nakielny was charged and sentenced in the above entitled cause with obtaining money under false pretenses.

"Wherefore your petitioner prays that pursuant to Section 89 of the Practice Act of the State of Illinois, this court vacate said judgment entered on, to-wit, the 6th day of February, A. D. 1934, and set this cause for hearing to the end that these new witnesses be heard and that your petitioner may have a fair trial on the merits of this cause.

Julia Nakielny."

On the same day the following orders were entered:
"Order

"This cause coming on to be heard on petition filed and notice to State's Attorney, it is hereby ordered

that the defendant be brought from the House of Correction before Court Room No. 1000, 1121 So. State Street, Chicago, Illinois, at 9:30 A. M., on the 1st day of March, A. D. 1934, to appear at a hearing on a petition for new trial under Section 89 of the Practice Act.

"Frederick W. Elliott
Judge Municipal Court."

"This cause coming on to be heard on petition filed, the Court finds it has jurisdiction of the subject matter, and it is hereby ordered that defendant be brought from the House of Correction before Branch Court No. 27, 1121 So. State St., Chicago, Illinois, at 9:30 A. M. on the 1st day of March, 1934, to appear at a hearing on a petition for new trial under section 72 of the Civil Practice Act."

The following order was entered on March 1, 1934:

"Motion new trial entered and allowed.

"State's Attorney objects to new trial and proceedings.

"Said defendant being duly advised by the Court as to his right to a trial by jury in this cause elects to waive a trial by jury, and this cause is by agreement in open Court between the parties hereto, submitted to the Court for trial without a jury.

"Now come the people by the State's Attorney and the defendant as well in his own proper person as by counsel also come, and said defendant being duly arraigned and forthwith demanded of and concerning the charge alleged against him in the information herein how he will acquit himself therefor for a plea in that behalf says that he is not guilty in manner and form as charged in said information.

"The people being now here represented by the State's Attorney and said defendant being present in his own proper person as well as represented by counsel and thereupon trial of this cause is now here en-

tered upon before the Court without a jury, and the Court after hearing all the testimony of the witnesses and the arguments of counsel, and being fully advised in the premises, renders the following finding, to-wit: —'The court finds the defendant, Michael Nakielny, guilty in manner and form as charged in the information herein. Wherefore it is ordered that the same be entered of record herein.' "

The order further recites that defendant then filed an application to be admitted to release on probation, and that the court, having heard the evidence, granted the application and released defendant on probation for the period of one year. The People have sued out this writ of error to reverse the order entered March 1. The cause comes before us upon a common law record. Defendant has not filed a brief in this court.

Counsel for the People contend that it was error for the trial court not to strike the petition, as no notice was given as required by law; that the notice provided by section 89 is the process and that jurisdiction of the People could be obtained only by the service of the notice. One of the orders entered by the trial court on February 28 recites "notice to State's Attorney." The order of March 1 recites that the State's attorney took part in the proceedings, and although the common law record recites that the People objected to the proceedings, there is nothing in the record to indicate that they raised the question of want of notice.

The People also contend that the petition does not state any ground for relief under section 89, is wholly insufficient, and that the action of the trial court in granting a motion for a new trial and in placing the defendant upon probation was without warrant under the law.

"A motion or petition made under section 89 of the Practice act, and likewise under section 21 of the

Municipal Court act, stands as a declaration in a new suit. The issue made and the judgment sought concern only the setting aside of the original judgment entered. The order made on such motion is a final order and directly reviewable as a final judgment. (*Cramer v. Commercial Men's Ass'n*, 260 Ill. 516; *Domitski v. American Linseed Co.*, 221 id. 161.) It is generally recognized that the proceedings under a motion or petition in the nature of a writ of error *coram nobis* are civil in their nature. (*People v. Crooks*, 326 Ill. 266; *State v. Calhoun*, 50 Kan. 523, 72 Pac. 38; 2 R. C. L. sec. 266.) The burden is on the one seeking to set aside the judgment, to prove by a preponderance of the evidence the facts alleged in his petition or motion. Errors of fact which may be availed of under section 89 of the Practice act or section 21 of the Municipal Court act include duress, fraud and excusable mistake.

"A writ of error *coram nobis*, or a motion under the statute, is an appropriate remedy in criminal cases as well as civil and lies to set aside a conviction obtained by duress or fraud, or where by some excusable mistake or ignorance of the accused, or without negligence on his part, he has been deprived of a defense which he could have used at his trial, and which, if known by the court, would have prevented conviction. (*People v. Crooks, supra; Sanders v. State*, 85 Ind. 318; 44 Am. Rep. 29; *State v. Calhoun, supra;* 2 R. C. L. sec. 266; 18 L. R. A. 842, note; *People v. Perez*, 98 Pac. (Cal.) 870.) Since the judgment entered upon such proceeding is final and the proceeding is civil in its nature, either the State or the defendant is entitled to a review of the judgment of the court entered on such motion or petition." (*People v. Green*, 355 Ill. 468, 472–3. See also *Barnes v. Chicago City Ry. Co.*, 185 Ill. App. 148, 150–1.)

The contention that the petition was wholly insufficient to warrant a proceeding under section 89 is clearly a meritorious one. While it is headed, "PETITION UNDER SECTION 89 OF THE PRACTICE ACT," and prays that the judgment be set aside "pursuant to section 89 of the Practice Act," there is no error in fact alleged in it of some fact unknown to the court at the time the judgment was rendered which would have precluded the rendition of the judgment had it been within the knowledge of the court at the time, and, therefore, section 89 could not be invoked, under such a petition, to vacate the original judgment. Newly discovered evidence touching exclusively the merits of the issues actually tried and determined by a final judgment of a court of competent jurisdiction is not ground for the petition. The petition does not even aver that the testimony of the "new witnesses" was not known to the defendant at the time of the trial, nor that he had not a full opportunity to present such testimony at the trial. Nor does it allege that the testimony of the "new witnesses" would show that he was not guilty of the charge. Where a party seeks to avail himself of the remedy of the writ of error *coram nobis* he must not only aver some error of fact which may be availed of under the writ, but he must also show that it was by no fault or negligence of his that the error in fact was not made to appear at the trial. Defendant, at the time the petition was filed, was serving his sentence, and the trial court had no power to entertain a motion for a new trial and to vacate or set aside its judgment (see *People v. LaBuy,* 285 Ill. 141; *People v. Perlmutter,* 306 Ill. 495, 497), hence the pretended proceeding under section 89.

"A writ of error *coram nobis* can only be procured by one who is a party, or privy to the record, or injured thereby." (5 Ency. of Pl. & Pr. 31.)

"It is laid down in the elementary books, that a writ of error *(coram nobis)* can be brought by him only who was a party or privy to the record, or injured by the judgment, and who consequently will derive advantage from its reversal." (*Holford v. Alexander,* 12 Ala. 280, 289. See also *Snodgrass v. Snodgrass,* 212 Ala. 74, 2 R. C. L. p. 309.)

Julia Nakielny, who commenced the instant proceedings and who verified the petition, is a stranger to the original judgment. Within the meaning of the law, she was not injured by that judgment, nor will she derive advantage from its reversal. "It (the motion) should show some meritorious right to be enforced, of benefit to the mover." (*Barnes v. Chicago City Ry. Co., supra,* p. 151. See also *Wagener v. Western Electric Co.,* 213 Ill. App. 326, 328.) Upon the same day that the petition was filed, the trial court set the "hearing on a petition for new trial" for the following morning at 9:30. In a proceeding under section 89, the State's attorney, after written notice, has a right to test the sufficiency of the motion or petition by demurrer, plea of *nullo est erratum,* by motion to dismiss, by pleading special matters in confession and avoidance, or by making an issue of fact by traversing the allegations. (See *People v. Green, supra,* p. 475.) If the petition or motion is sufficient upon its face and the facts are disputed, an issue must be made up to be tried. In *Mitchell v. King,* 187 Ill. 452, the court held that the petition or motion is the commencement of a new suit in which new issues are made up, upon which there must be a finding and a judgment, and that "if the alleged error is proved and there is judgment for the plaintiff in error, it is that for such error the judgment be recalled and annulled." Later cases have followed that holding.

"The judgment upon a writ of error *coram nobis* is that the judgment complained of be recalled, if the

issue is in favor of the petitioner; and the original suit is placed in the same position as it was when the judgment was rendered. The judgment complained of is affirmed if the issue is in favor of the defendant in error.'' (5 Ency. of Pl. & Pr. 36, 37.)

After the petition was filed and notice served the People should have been ruled to plead, and if they failed to comply with the rule default could then be entered against them. (*Barnes v. Chicago City Ry. Co., supra,* p. 151; *Wagener v. Western Electric Co., supra,* p. 328.) No rule to plead, no default, was entered. The petition was plainly vulnerable to demurrer. As no errors of fact cognizable under section 89 were alleged in the petition, an issue of fact could not have been made up. Even if a rule had been entered against the People to plead and they had failed to comply with it, the proper procedure required that default be entered against them before judgment be taken. (*Barnes v. Chicago City Ry. Co., supra; Wagener v. Western Electric Co., supra.*) That the trial court treated the petition as an ordinary motion for a new trial is clear from the record. Without following any of the rules of procedure necessary in a proceeding under section 89 the trial court at once entered the order, ''Motion new trial entered and allowed,'' and then proceeded to retry the original charge, and after finding defendant guilty, placed him upon probation. In the order of March 1 there is no finding, no judgment, such as must appear in a proceeding under section 89 (sec. 72, par. 200, ch. 110, Cahill's Ill. Rev. St. 1933). The petition is so innately and substantially defective that it is insufficient to sustain a judgment in a proceeding under section 89. In this connection, it will be noted that the instant writ of error involves a direct, not a collateral, attack upon the judgment order of March 1, 1934. That the trial court had no jurisdiction to entertain a motion for a new trial is settled law. The State's at-

torney is fully justified in contending that the alleged petition under section 89 was but a patent subterfuge intended to give the trial court an appearance of jurisdiction so that the defendant might be placed upon probation after he was no longer within the court's jurisdiction.

The judgment order of March 1, 1934, is reversed. The State's attorney should immediately take proper steps to bring about the recommitment of the defendant under the judgment order of February. 6, 1934.

*Judgment order of March 1, 1934, reversed.*

FRIEND, P. J., and SULLIVAN, J., concur.