NO. 5-96-0022

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

_________________________________________________________________

MALVIN WASHINGTON, Special           )  Appeal from the

Administrator of the Estate          )  Circuit Court of 

of MAGNOLIA WASHINGTON,              )  St. Clair County.  

                                     )

     Plaintiff-Appellee,             )   

                                     )

v.                                   )  No. 92-L-1056

                                     )

CASEYVILLE HEALTH CARE ASSOCIATION,  )

INC., a corporation, d/b/a VIRGIL L. )

CALVERT CARE CENTER,                 )  Honorable

                                     )  Milton S. Wharton, 

     Defendant-Appellant.            )  Judge, presiding.  

_________________________________________________________________

     PRESIDING JUSTICE HOPKINS delivered the opinion of the court: 

     Defendant, Caseyville Health Care Association, Inc., d/b/a

Virgil L. Calvert Care Center, appeals from that portion of the

trial court's order granting plaintiff's motion to enforce a

settlement agreement entered into between defendant and plaintiff,

Therman Washington (Therman) as special administrator of the estate

of Magnolia Washington (Magnolia).  On appeal, defendant contends

that the trial court's order granting the motion to enforce was

erroneous because the court's jurisdiction was suspended at the

time it approved the settlement agreement, since Therman was

deceased at the time the settlement agreement was signed by

plaintiff's attorney (attorney Hammel) and attorney Hammel had no

authority to sign the agreement.  We reluctantly agree and reverse

the trial court's order granting the motion to enforce the

settlement agreement.  We also vacate the court's order approving

the settlement agreement.  We additionally remand this cause for

further proceedings in accordance with this opinion.

     I.  FACTS

     Essentially, the facts of this case, as alleged in the

pleadings and motions filed, are that Magnolia was a resident of

defendant nursing home on or about December 23, 1991.  On December

25, 1991, it was discovered that she had bilateral fractures of her

legs.  Subsequently, Therman, as guardian of the person and estate

of Magnolia, his mother, filed a complaint on December 21, 1992, in

which defendant was charged with negligence, with a violation of

the Nursing Home Care Act (210 ILCS 45/1-101 et seq. (West 1992)),

and under a theory of res ipsa loquitur.  

     On June 28, 1995, attorney Hammel filed a motion for leave to

amend the complaint by interlineation, and in this motion, it was

stated that Magnolia died on July 3, 1994, and it was asked that

Therman, as special administrator of Magnolia's estate, be

substituted as plaintiff.  The court entered an order that same day

allowing the motion and substituting Therman, as special adminis-

trator of Magnolia's estate, as plaintiff.    

     On August 29, 1995, the trial court entered an order in which

it was stated that the parties announced that the case was settled. 

A letter in the record indicates that defendant accepted

plaintiff's offer to settle for $49,500 on August 28, 1995.  At the

time of the entry of the order approving the settlement agreement,

attorney Hammel did not disclose to the court or to defendant that

Therman had died on August 22, 1995, a little less than a week

before the settlement agreement was entered into.  

     On September 28, 1995, attorney Hammel filed a notice of

hearing in which counsel stated he would present a motion to

substitute Malvin Washington (Malvin) as special administrator for

Magnolia's estate, in place of Therman, on October 10, 1995.  In

correspondence sent by facsimile to defendant's counsel, attorney

Hammel sent a copy of a motion to substitute Malvin as special

administrator, a copy of an "Oath of Special Administrator," and a

copy of a document entitled "Special Administrator's Letter of

Direction and Engagement," which was signed by Malvin and attorney

Hammel.  This correspondence to defendant's counsel is dated

September 26, 1995, but the signed documents transmitted with the

letter are dated August 30, 1995, the day after the court approved

the settlement agreement.  The letter of direction and engagement

stated that Malvin authorized attorney Hammel to settle this case

for $49,500.  There is nothing in the record indicating that the

hearing of October 10, 1995, was ever held.    

     On October 24, 1995, attorney Hammel filed a motion to enforce

the settlement agreement and for other relief.  This motion also

sought to have quashed a subpoena and a subpoena duces tecum for 

attorney Hammel and his files.  Defendant filed an objection to

plaintiff's motion to enforce and to counsel's motions to quash

subpoenas.  A hearing on the motions was held on November 6, 1995,

and on December 5, 1995, the trial court entered a written order in

which it granted the motion to enforce the settlement agreement,

granted attorney Hammel's motions to quash, and granted the motion

to substitute Malvin as special administrator of Magnolia's estate. 

Defendant appeals this order.

     II.  ANALYSIS 

     Defendant contends that the trial court erred when it granted

plaintiff's motion to enforce the settlement agreement.  Its

argument of this issue is:  (a) that the court's jurisdiction was

suspended at the time it approved the settlement agreement and the

court could not proceed until a new special administrator was

appointed as a party plaintiff, (b) that the attorney-client

relationship between Therman and attorney Hammel terminated upon

Therman's death, which also terminated attorney Hammel's  authority

to sign the settlement agreement, and (c) that at the time attorney

Hammel appeared before the court for approval of the settlement

agreement, he had an obligation to inform the court and defense

counsel that Therman had died.  Defendant raises two additional

issues:  (1) that the court erred in denying defendant a hearing on

attorney Hammel's motions to quash subpoenas, and (2) that the

trial court erred in granting attorney Hammel's motion to substi-

tute Malvin as special administrator of Magnolia's estate if the

order was entered nunc pro tunc.  

     We initially consider defendant's contention that the court's

jurisdiction was temporarily suspended until such time as there was

a new special administrator appointed in the case.  We find we must

agree.  It is axiomatic that for every suit, there must always be

a plaintiff, a defendant, and a court.  Mitchell v. King, 187 Ill.

452 (1899).  An attorney's employment and his authority is revoked

by the death of his client, so an attorney cannot proceed where he

does not represent a plaintiff or a defendant.  Mitchell, 187 Ill.

452.  

     In the instant case, Therman died on August 22, 1995.  At the

time attorney Hammel and defense counsel appeared before the court

to have the settlement agreement approved on August 28, 1995, there

was no plaintiff of record.  Malvin may have signed papers as a

personal representative, but these were signed on August 30, 1995,

and there is nothing in the record to show that Malvin had been

appointed as Magnolia's special administrator even on that date. 

Malvin's appointment as special administrator did not occur until

December 5, 1995.  Thus, there was no plaintiff that Hammel

represented, since a personal representative is the only person

authorized to make decisions for an estate.  Without a client,

attorney Hammel had no authority to proceed with the settlement

agreement after Therman's death, until such time as a new personal

representative was appointed.  In re Marriage of Fredricksen, 159

Ill. App. 3d 743 (1987).  Because there was no plaintiff, the

court's jurisdiction was suspended until a party plaintiff was

appointed, and the court's order approving the settlement agreement

was invalid.  

     This same conclusion would be reached applying simple agency

principles.  Generally, an attorney is an agent of his client, even

though as to his physical activities he is an independent contrac-

tor.  American Environmental, Inc. v. 3-J Co., 222 Ill. App. 3d 242

(1991).  Under agency principles, the death of the principal

terminates the authority of the agent, even if the agent has no

notice of the principal's death.  Restatement (Second) of Agency

§120 (1957).  Because attorney Hammel was an agent of Therman, his

authority to act as Therman's agent ended at Therman's death.  

     In light of our foregoing ruling, we need not consider the

other arguments under defendant's first issue, for to do so would

be a useless act.  However, with regard to defendant's claim that

attorney Hammel had an obligation to disclose the death of his

client, defendant appears to be alleging impropriety on the part of

attorney Hammel.  Our reading of the record does not seem to

support this allegation.  Attorney Hammel may not have had the

knowledge of his client's death at the time he appeared before the

court or even at the time he agreed to settle the case, for

Therman's death was on August 22, 1995, and the agreed settlement

was made on August 28, 1995, only six days later.  In addition,

attorney Hammel did notify the court of Therman's death in a

reasonable time frame.    

     Further, with regard to defendant's second issue, that the

court erred in not granting it a hearing on attorney Hammel's

motions to quash subpoenas, we find there is no reason to address

this issue since the information needed to resolve the issue of

whether attorney Hammel had the requisite authority, i.e., the

dates when Therman died, when the death of Therman was made of

record, when the motion to substitute special administrator was

made and presented to the court, and when the settlement agreement

was entered into, was already in the record.  We also note that

defendant does not cite to any relevant authority with regard to

this issue, in violation of Supreme Court Rule 341(e)(7) (155 Ill.

2d R. 341(e)(7)).  Failure to cite relevant authority waives

consideration of the issue.  Britt v. Federal Land Bank Ass'n of

St. Louis, 153 Ill. App. 3d 605 (1987).  

     Lastly, we find defendant's final issue, that the court erred

in entering its order appointing Malvin as special administrator

nunc pro tunc, to be without merit.  There is nothing in the record

indicating that the court entered the order on December 5, 1995,

nunc pro tunc.  At the hearing on November 6, 1995, the last words

spoken by the court were:

     "Okay, so I see no problem with appointing him [Malvin]

     today."  

Similarly, in the court's written order, the court simply said that

it would allow the motion to substitute Malvin as special adminis-

trator.  The court did not use the words nunc pro tunc in its oral

pronouncement substituting Malvin or in its written order. 

Therefore, there is no reason to find that the court entered its

order substituting Malvin as special administrator nunc pro tunc. 

Defendant does not challenge the appointment of Malvin but only

questions whether the order is retroactive.  Thus, that portion of

the court's order substituting Malvin as special administrator

still stands.

     III.  CONCLUSION

     For the foregoing reasons, that portion of the court's order

substituting Malvin as special administrator is affirmed.  That

portion of the circuit court's order granting plaintiff's motion to

enforce settlement is reversed.  Additionally, the order approving

the settlement agreement is vacated, and this cause is remanded for

further proceedings in accord with this decision.

     Affirmed in part, reversed in part, and vacated in part; cause

remanded.  

     WELCH, J., and MAAG, J., concur.